IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 17 WAP 2013 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court entered January 4, 2013 at No. 1588 |
| | : WDA 2011, affirming the Judgment of |
| v. | : Sentence of the Court of Common Pleas of |
| | : Allegheny County entered August 31, 2011 |
| | : at No. CP-02-CR-0009708-2010. |
| DUANE JEMISON, JR., | : |
| | : ARGUED: April 8, 2014 |
| Appellant | : |

**OPINION**

**MR. JUSTICE McCAFFERY**          **DECIDED: AUGUST 18, 2014**

In this case, we consider the continued viability of Commonwealth v. Stanley, 446 A.2d 583 (Pa. 1982), wherein we held that the prosecution is not required to accept a defendant's offer to stipulate to the fact of a prior conviction when the conviction is an element of the offense charged. Concluding that Stanley remains the law of this Commonwealth, despite the United States Supreme Court's holding in Old Chief v. United States, 519 U.S. 172 (1997), we affirm the Superior Court's order affirming the judgment of sentence imposed on Duane Jemison, Jr. ("Appellant").

In the early morning hours of May 16, 2010, a Pittsburgh police officer on foot patrol came upon Appellant's car which was parked improperly in a legally marked handicapped parking spot. Upon running the car's license plate number through his vehicle's computer, the officer discovered that the car had been carjacked a few days

before. As other officers arrived at the scene, Appellant entered the car and started to drive away, but was immediately stopped by a police vehicle in his path. The officers ordered Appellant to get out of the car. He did not comply, but rather moved one of his hands downward toward the floorboard, where one of the officers then observed a gun. The officers apprehended Appellant from the vehicle, and recovered from the floorboard a gun with the hammer back, the safety off, and a round in the chamber.

Appellant was charged with persons not to possess a firearm, carrying a firearm without a license, resisting arrest, and two counts of receiving stolen property.[1] He was tried by jury for persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1), after this charge had been severed from the others. To establish Appellant's guilt of this charge, the Commonwealth was required to prove that Appellant had been previously convicted of a statutorily enumerated offense that barred him from possessing a firearm, and that he had, indeed, possessed a firearm.[2] It was undisputed that, in 2008, Appellant had been

---

[1] Respectively, 18 Pa.C.S. §§ 6105(a)(1), 6106, 5104, and 3925.

[2]

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
**(a) Offense defined.--**
(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \* \* \*

**(b) Enumerated offenses.--**The following offenses shall apply to subsection (a):

\* \* \* \* \*

(continued…)

convicted of robbery, one of the statutorily enumerated offenses, see 18 Pa.C.S. § 6105(b), and the Commonwealth sought to introduce at trial the evidence of this robbery conviction. However, Appellant sought to stipulate only that he had been convicted of one of the enumerated offenses, without stating that the specific offense was robbery.

The trial court allowed the Commonwealth to introduce into evidence Appellant's certified conviction of robbery. See Notes of Testimony, Trial ("N.T."), 6/29/11, at 50 (introducing Commonwealth's Exhibit 1). Immediately thereafter, the trial court instructed the jury "not to consider the defendant's prior conviction as evidence of his propensity to commit crime but only as proof of the element of this specific offense." Id. at 50-51. After both sides had rested, the trial judge repeated this instruction during her charge to the jury. Id. at 137.

At the end of the one-day trial, on June 29, 2011, the jury found Appellant guilty of persons not to possess a firearm. On August 31, 2011, Appellant pled guilty to two additional charges, to wit, carrying a firearm without a license and resisting arrest.[3] The court sentenced Appellant as follows: for persons not to possess a firearm, not less than 5 nor more than 10 years of incarceration; for carrying a firearm without a license, not less than 3 nor more than 6 years of incarceration; and for resisting arrest, not less than 1 nor more than 2 years of incarceration, with all sentences to be served concurrently.

Appellant appealed to the Superior Court, contending that the trial court had abused its discretion by admitting evidence of his prior conviction for robbery when he

---

(…continued)
        Section 3701 (relating to robbery).

18 Pa.C.S. § 6105 (emphasis in original).

[3] The Commonwealth withdrew the two counts of receiving stolen property. Appellant also pled guilty to the summary offense of driving without a license, 18 Pa.C.S. 1501(a).

had been willing to stipulate to a statutorily enumerated conviction. The Superior Court affirmed Appellant's judgment of sentence, concluding that the trial court had properly applied this Court's binding precedent of Stanley, supra. See Commonwealth v. Jemison, 64 A.3d 271 (Pa.Super., 2013) (Table). Appellant filed a petition for allowance of appeal with this Court, which we granted.

The sole issue before us, as stated by Appellant, is the following:

> Whether in a prosecution for possession of a firearm by a person not permitted to possess one, the prosecution should no longer be permitted to introduce the record of the disqualifying criminal conviction when the defendant is willing to stipulate that he is within the class of persons prohibited from possessing firearms.

Commonwealth v. Jemison, 71 A.3d 248 (Pa. 2013).

We also directed the parties to address whether Pennsylvania should henceforth follow the holding of the United States Supreme Court in Old Chief v. United States, 519 U.S. 172 (1997), and overrule Commonwealth v. Stanley, 446 A.2d 583 (Pa. 1982). Jemison, supra. Pursuant to the Supremacy Clause of the United States Constitution art. VI, cl. 2,[4] this Court, like all state courts, is bound by decisions of the U.S. Supreme Court with respect to the federal Constitution and federal substantive law. See, e.g., Council 13, American Federation of State, County and Municipal Employees, AFL-CIO v. Commonwealth of Pennsylvania, 986 A.2d 63, 77 (Pa. 2009). However, when resolving matters that involve no federal question, this Court is not bound by decisions of the U.S.

---

[4] The U.S. Constitution art VI, cl.2 provides as follows:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Law of any State to the Contrary notwithstanding.

Supreme Court. See Commonwealth v. McFeely, 502 A.2d 167, 169 (Pa. 1985). As will be made clear infra, the issue presented here involves no federal question, and thus, we are not bound by the high Court's resolution of the issue. As both parties acknowledge, this Court addressed the question presented here approximately 30 years ago in Stanley, supra, and the trial court was bound by Stanley's precedent in the instant case. Appellant, however, urges us to overturn Stanley. The issue presented is a pure question of law and thus our standard of review is *de novo* and our scope is plenary. Commonwealth v. Dowling, 959 A.2d 910, 913 (Pa. 2008).

In Stanley, the defendant-appellant, who had previously been convicted of murder, was on trial for, inter alia, persons not to possess a firearm. At the time Stanley was decided, the statute barred an individual from possessing a firearm if he or she had been convicted of a "crime of violence," which was defined to include murder, rape, aggravated assault, robbery, burglary, entering a building with intent to commit a crime therein, and kidnapping. Id. at 588. Stanley offered to stipulate that he had a prior conviction for a "crime of violence," but the prosecution refused to accept the stipulation. Instead, the prosecutor called a prison records custodian and an assistant district attorney to testify that Stanley had been convicted of first-degree murder several months before; there was no reference at trial to the facts underlying the prior murder conviction. On appeal, Stanley argued that the trial court erred in allowing this testimony because the mention of his murder conviction was unduly prejudicial in light of his offer to stipulate to a "crime of violence." Id. This Court disagreed, concluding as follows:

> [Stanley's prior] murder conviction was undisputedly material and relevant to proving that he committed a "crime of violence." As such, it was "proper" evidence, squarely within Commonwealth v. Evans, 465 Pa. 12, 348 A.2d 92 (1975)[,] which held that the Commonwealth may use any "proper" evidence to prove its case, and *does not have to accept* the accused's stipulations.

Stanley, supra at 588 (emphasis in original).[5]

Although Stanley's holding is clear and controlling in the instant case, Appellant insists that Stanley has been "undermined" by the United States Supreme Court ruling in Old Chief, supra. Appellant's Brief at 11. In Old Chief, the defendant-appellant (Old Chief) was charged with assault and with possession of a firearm by an individual who has been convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. § 922(g)(1).[6] Before trial, Old Chief offered to stipulate that he had a prior conviction disqualifying him from firearms possession under § 922(g)(1), without identifying the specific offense of which he had previously been convicted. Old Chief, supra at 174-75. The prosecution refused to accept this stipulation, and instead

---

[5] In Stanley, the defendant-appellant was acquitted of persons not to possess a firearm, although he was convicted of other charges, to wit, escape offenses, possessing an instrument of crime, and possessing a prohibited offensive weapon, respectively, 18 Pa.C.S. §§ 5121 and 5122, 907, and 908.

[6] The federal firearms statute under which Old Chief was charged is as follows:

> It shall be unlawful for any person--
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> *   *   *   *   *
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Under 18 U.S.C. § 921(a)(20), a "crime punishable by imprisonment for a term exceeding one year" does not include "antitrust violations, unfair trade practices, restraints of trade, [and] similar offenses relating to the regulation of business practices," nor does it include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

introduced the order of judgment and commitment for Old Chief's prior conviction, which disclosed that he had been sentenced to five years' imprisonment for assault resulting in serious bodily injury. Id. at 177. After the jury found Old Chief guilty on all counts, he appealed, contending that he had been unfairly prejudiced by the trial court's refusal to allow the stipulation.

In its analysis of the case, the high Court first recognized that documentary evidence of Old Chief's prior assault conviction was relevant to proving the § 922(g)(1) charge. Old Chief, supra at 179. However, citing Federal Rule of Evidence ("F.R.E.") 403, pursuant to which relevant evidence is properly excluded when its "probative value is substantially outweighed by the danger of [*inter alia*] unfair prejudice," the high Court concluded that "evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant," the degree of which will vary from case to case, "but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." Old Chief, supra at 180, 185. The high Court noted that one "appropriate factor" for a court to consider when deciding whether to exclude evidence as unfairly prejudicial under F.R.E. 403 is the "availability of other means of proof." Old Chief, supra at 184. As viewed by the high Court, "Old Chief's proffered admission would … have been not merely relevant but seemingly conclusive evidence of the [prior conviction] element." Id. at 186. This was particularly true because "[t]he statutory language … shows no concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies." Id.

The high Court also determined that, in a case such as Old Chief, where the issue was the defendant's legal status, the general rule that the prosecution is entitled to prove its case by evidence of its own choice has no application. Id. at 186-90. The purpose of

the general rule is to allow the prosecutor to present a whole story and complete picture, uninterrupted by gaps, of the events surrounding the criminal offense for which the defendant is being tried. However, in the view of the high Court, the prosecution's need for "evidentiary depth to tell a continuous story has [ ] virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of late criminal behavior charged against him." Id. at 190.

Based on the above analysis, the high Court held in Old Chief as follows:

> In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available. What we have said shows why this will be the general rule when proof of convict status is at issue, just as the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried.

Id. at 191-92.

The high Court in Old Chief was sharply divided.[7]   In a vigorous dissent joined by three other justices, Justice O'Connor expressed her disagreement with the determination that "it was unfairly prejudicial for the Government to establish an essential element of its case against petitioner with direct proof of his prior conviction." Old Chief, 519 U.S. at 193-94 (O'Connor, J., dissenting). Justice O'Connor looked to the "structure

---

[7] Justice Souter delivered the opinion of the Court, joined by Justices Stevens, Kennedy, Ginsburg, and Breyer.   Justice O'Connor filed a dissenting opinion in which Chief Justice Rehnquist and Justices Scalia and Thomas joined.

of § 922(g)(1) itself" to conclude that "Congress envisioned jurors' learning the name and basic nature of the defendant's prior offense." Id. at 194. As Justice O'Connor recognized, "Section 922(g)(1) does not merely prohibit the possession of firearms by 'felons,' nor does it apply to all prior felony convictions," as certain crimes are statutorily excluded from coverage; therefore, "under § 922(g)(1), a defendant's prior felony conviction connotes not only that he is a prior felon, but also that he has engaged in specific past criminal conduct." Old Chief, 519 U.S. at 194 (O'Connor, J., dissenting). Justice O'Connor then noted that F.R.E. 404(b) expressly contemplates the admission of prior crimes evidence for purposes other than "to prove the character of a person in order to show action in conformity therewith." Among the purposes for which prior crimes evidence may be admissible, Justice O'Connor suggested, is that of proving a necessary element of the firearms offense with which Old Chief was charged. Old Chief, 519 U.S. at 196 (O'Connor, J., dissenting). Justice O'Connor's criticism of the majority was sharp:

> To say, as the Court does, that it 'unfairly' prejudices the defendant for the Government to establish its § 922(g)(1) case with evidence showing that, in fact, the defendant did commit a prior offense misreads the Rules of Evidence and defies common sense.

Id.

In addition, Justice O'Connor emphasized that, even when the defendant stipulates to an element of the offense with which he or she is charged, the prosecution still bears the burden of proof on each and every element. Id. at 200. Because of the potential for juror confusion and speculation when the jury is not told the specific prior offense of which the defendant had been convicted in a § 922(g)(1) case, Justice O'Connor strongly disagreed with the majority's conclusion that the prosecution's need to tell a continuous story is not applicable when the issue is a defendant's legal status,

determined by a judgment independent of the current criminal charges. Old Chief, 519 U.S. at 198-99 (O'Connor, J., dissenting).

Justice O'Connor summarized her dissent as follows:

> The Court manufactures a new rule that, in a § 922(g)(1) case, a defendant can force the Government to accept his admission to the prior felony conviction element of the offense, thereby precluding the Government from offering evidence to directly prove a necessary element of its case. I cannot agree that it 'unfairly' prejudices a defendant for the Government to prove his prior conviction with evidence that reveals the name or basic nature of his past crime. Like it or not, Congress chose to make a defendant's prior criminal conviction one of the two elements of the § 922(g)(1) offense. Moreover, crimes have names; a defendant is not convicted of some indeterminate, unspecified 'crime.' Nor do I think that Federal Rule of Evidence 403 can be read to obviate the well accepted principle, grounded in both the Constitution and in our precedent, that the Government may not be forced to accept a defendant's concession to an element of a charged offense as proof of that element.

Id. at 201.

In the case presently before us, Appellant urges us to adopt the high Court's holding in Old Chief, based on the majority's reasoning, and thus to overturn our prior holding in Stanley. Appellant asserts that Stanley was an "overextension" of Commonwealth v. Evans, 348 A.2d 92 (Pa. 1975), see Appellant's Brief at 17, a case in which this Court applied the general rule that a party is not required to accept, in lieu of the presentation of specific evidence, a stipulation as to what that evidence would prove. Evans, supra at 94. In Evans, the defendant sought to stipulate to the testimony of a murder victim's daughter, and this Court upheld the trial court's refusal to compel the prosecutor to agree to this stipulation. In Stanley, supra at 588, we cited Evans for the principle that "the Commonwealth may use any 'proper' evidence to prove its case, and *does not have to accept* the accused's stipulations." (Emphasis in original). Relying on Old Chief, Appellant contends that this principle does not apply "when the point at issue is

a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." Appellant's Brief at 13 (quoting Old Chief, supra at 190). We cannot agree.

We recognize first that the texts of the state and federal firearms statutes pursuant to which Appellant and Old Chief, respectively, were charged and convicted are not the same, but rather, differ in a highly relevant way. Under 18 Pa.C.S. § 6105, the offenses that bar an individual from possessing a firearm are set forth in a list that includes both the names of the offenses as well as the sections of the Criminal Code where they are defined. In contrast, under 18 U.S.C. § 922(g)(1), Congress chose not to include any listing of specific applicable offenses, but rather barred an individual from possessing a firearm if he or she has been convicted of a crime punishable by imprisonment for a term exceeding one year. While the U.S. Supreme Court majority concluded that the "statutory language [of 18 U.S.C. § 922(g)(1)] shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies," we are unable to draw an analogous conclusion regarding the concern of our General Assembly in its enactment of 18 Pa.C.S. § 6105.

Our General Assembly took considerable care to delineate the specific offenses that can support a conviction of the crime of persons not to possess firearms under § 6105, and there is no question that the relevant specific enumerated offense is an essential element of that crime. Given the text of the Pennsylvania statute, we cannot conclude, as the U.S. Supreme Court majority did in interpreting the federal statutory counterpart, that "the name of the prior offense … addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation" to an unspecified conviction. Old Chief, supra at 186. Thus, under 18 Pa.C.S. § 6105, one element of persons not to possess firearms is a prior conviction of a specific, enumerated

offense, and this fact strongly supports the Commonwealth's view, as well as our precedent in Stanley, that the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies the element, but does not name or identify the specific prior offense.

The Supreme Court of Louisiana has similarly distinguished Old Chief. See State v. Ball, 756 So.2d 275 (La. 1999). Like our General Assembly, the Louisiana legislature has enacted a statute that bars a person from possessing a firearm if he or she has been convicted of any crime included in a long, specifically enumerated list of felonies. In Ball, the defendant-appellant, who was charged with possession of a firearm by a convicted felon, had offered to stipulate that he had a prior predicate conviction, without naming the offense, the date thereof, or the sentence imposed. The stipulation was not accepted, and at trial, the State introduced the bill of information and guilty plea transcript from his prior conviction. After he was convicted of the firearm charge, the defendant-appellant sought appellate relief, arguing, based on Old Chief, that he had been unfairly prejudiced because the name and nature of his previous felony conviction had been revealed to the jury. Id. at 275-77. Declining to grant relief, the Louisiana Supreme Court distinguished Old Chief as follows.

> [B]ecause the Louisiana statute defines the crime by specific enumerated prior offenses, contrary to the broad definition in the federal statute, Old Chief is distinguishable.

> \* \* \* \* \*

> [The majority of the U.S. Supreme Court in Old Chief] reasoned that because Congress had made it plain that distinctions among generic felonies were irrelevant for purposes of the crime charged, the most the jury needed to know was that the admitted conviction fell within the class of crimes that Congress felt should bar a convict from possessing a gun. To the contrary, under the Louisiana statute, "the statutory language in which the prior conviction requirement is couched" *does* show "concern with the

specific name or nature of the prior offense" and the name of the prior offense *does* address a "detail in the definition of the prior conviction element that would not have been covered by the stipulation." Because proof of one of the enumerated felonies is an essential element of the crime under [the Louisiana statute], the probative value of the name and nature of the prior conviction is greater than the "generic" felony required by the federal statute.

Ball, supra at 278-79 (one citation omitted; quoting Old Chief, supra at 186; emphases in original).

We consider the Louisiana Supreme Court's analysis distinguishing Old Chief on the basis of the text of the state statute to be persuasive, and we similarly distinguish Old Chief on the basis of the text of our own state statute.[8,9]

---

[8] This analysis was augured by Justice O'Connor's Old Chief dissent, wherein she concluded, based on the structure of § 922(g)(1), that Congress had envisioned that a jury hearing a § 922(g)(1) case would indeed learn the name and basic nature of the defendant's prior offense. See discussion of Old Chief in text, supra.

[9] We note that other states have adopted the holding in Old Chief, but many of these states were interpreting state statutes that, like the federal statute at issue in Old Chief, did not set forth a list of enumerated predicate prior offenses. See Anderson v. Commonwealth of Kentucky, 281 S.W.3d 761, 763, 765-66 (Ky. 2009) (adopting the "limited holding" of Old Chief in the context of a state statute that bars the possession of firearms by persons who have been convicted of a felony, but does not specifically enumerate applicable felonies); People v. Walker, 812 N.E.2d 339, 350, 353 (Ill. 2004) (adopting the holding of Old Chief in the context of a state statute that, "like the federal statute in Old Chief, does not require proof of a specific felony conviction," and does not list predicate felonies, but requires only that the prosecutor establish the defendant's status as a felon); Carter v. State, 824 A.2d 123 (Md. 2003) (adopting the holding of Old Chief in the context of a state statute that bars an individual from possessing a firearm if he or she has been convicted of a crime of violence or any felony); Ross v. State, 614 S.E.2d 31 (Ga. 2005) (similar holding); Brown v. State, 719 So.2d 882 (Fla. 1998) (similar holding).

However, in State v. Lee, 977 P.2d 263 (Kan. 1999), the Kansas Supreme Court adopted the holding of Old Chief even though its analogous firearm possession statute did set forth a listing of specific enumerated predicate felonies.

[J-19-2014] - 13

We recognize that, pursuant to Pa.R.E. 403, relevant evidence may be excluded "if its probative value is outweighed by a danger of … unfair prejudice."  In a Comment to Rule 403, unfair prejudice is defined as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."  We are unable to conclude that, in a § 6105 persons not to possess firearms case, a defendant suffers unfair prejudice merely by the admission into evidence of his or her certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of § 6105.

Any possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury, directing them to consider the defendant's prior offense only as evidence to establish the prior conviction element of the § 6105 charge, not as evidence of the defendant's bad character or propensity to commit crime.  Here, the trial judge appropriately instructed the jury twice regarding the proper use of the prior offense evidence, once immediately after the Commonwealth introduced the certified conviction, and again just before the jury began its deliberations.  We reiterate that here, as in so many other contexts, the jury is presumed to follow the court's instructions.  See, e.g., Commonwealth v. Tedford, 960 A.2d 1, 37 (Pa. 2008) (recognizing that when evidence of a defendant's other crimes is admitted for a relevant purpose under Rule 404(b), the defendant is entitled upon request to a limiting jury instruction, which the law presumes the jury will follow).

For all of the reasons that we have discussed above, we decline to overturn our precedential holding in Stanley, supra.  Accordingly, we affirm the Superior Court's order affirming Appellant's judgment of sentence.

Mr. Chief Justice Castille, Mr. Justice Eakin, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Justice Baer files a dissenting opinion in which Mr. Justice Saylor joins.