J-A21032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM HENRY ROBINSON, III, | |
| Appellant | No. 2878 EDA 2014 |

Appeal from the Judgment of Sentence entered September 8, 2014,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0000492-2013

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 27, 2015**

William Henry Robinson, III ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of rape of a child, aggravated indecent assault of a child, indecent assault of a child, and corruption of minors.[1]  We affirm.

The pertinent facts and procedural background of this case are as follows:  In the summer of 2011, Appellant, his paramour J.B. and their infant child lived on-and-off at the home of J.B.'s mother, W.B., in Pottstown, Montgomery County.  Trial Court Opinion, 12/1/14, at 1.  The home was also shared by W.B.'s  teenage son and her then 12-year old daughter, K.W., the victim.  *Id*.  Over the course of the summer, Appellant

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(a)(7), 3126(a)(7) and 6301(a)(1)(ii).

*Former Justice specially assigned to the Superior Court.

engaged in an escalating pattern of sexual contact with K.W. that began with inappropriate touching and progressed to rape. *Id.* K.W. subsequently reported the abuse to her school guidance counselor and Appellant was arrested and charged with the aforementioned crimes.

A trial commenced on October 7, 2013, at the conclusion of which the jury found Appellant guilty. On September 8, 2014, following a hearing, Appellant was designated a sexually violent predator ("SVP"). That same day, the trial court sentenced Appellant to 20 to 40 years of imprisonment for rape of a child, a consecutive 5 to 10 years of imprisonment for aggravated indecent assault of a child, and a consecutive 2 to 4 years of imprisonment for indecent assault of a child, for an aggregate sentence of 27 to 54 years of imprisonment. No further penalty was imposed for corruption of minors.

Appellant filed a post-sentence motion on September 17, 2014, which he subsequently withdrew, and a notice of appeal was filed on October 3, 2014. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. WHETHER THE TRIAL COURT ERRED BY DENYING [APPELLANT'S] MOTION FOR A MISTRIAL FOR THE PROSECUTION'S STATEMENTS MADE DURING OPENING STATEMENTS REGARDING [APPELLANT'S] STATEMENTS THAT HE WISHED TO COOPERATE AS A CONFIDENTIAL INFORMANT REGARDING DRUG ACTIVITY.

2. WHETHER THE TRIAL COURT ERRED BY DENYING [APPELLANT'S] MOTION FOR A MISTRIAL ON THE GROUNDS THAT A COMMONWEALTH WITNESS TESTIFIED TO

[APPELLANT] BEING HELD IN CUSTODY AT THE PRELIMINARY HEARING.

Appellant's Brief at 6.

Appellant's issues are interrelated. Therefore, we will address them together. Appellant first argues that the trial court erred when it denied his motion for mistrial after the prosecutor, in his opening statement, informed the jury that Appellant had offered to cooperate with the police as a confidential informant, and additionally when Detective Heather Long, a Commonwealth witness, referenced Appellant's having been in police custody prior to trial. Appellant's Brief at 10-22.

"[T]he trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion." *Commonwealth v. Judy*, 978 A.2d 1015, 1019–1020 (Pa. Super. 2009) (quotation marks and citations omitted). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." *Id*. With regard to cautionary instructions, "the decision to give curative instructions is within the sound discretion of the trial court and will not be disturbed absent manifest error." *Commonwealth v. Ford*, 650 A.2d 433, 442 (Pa. 1994).

Here, the trial court addressed Appellant's motions for mistrial:

[Appellant] contends [the trial court] erred in denying his requests for mistrials when the prosecutor mentioned during his opening statement that [Appellant] had offered to cooperate with law enforcement as a confidential informant and when a Commonwealth witness made reference during her testimony to [Appellant] being in police custody during a conversation she had with him. Neither event warranted the drastic remedy of a mistrial.

***

During the prosecutor's opening remarks to the jury, he stated:

You are going to hear that after [Appellant] was arrested he told Detective Heather Long that he didn't rape [the victim], but he kissed her. That the rape didn't take place, but he admits that he kissed her, and he is willing to cooperate with the police as a confidential informant.

N.T., 10/7/14 at 78-79.

Upon completion of the opening statement, defense counsel made an opening statement and the Commonwealth presented testimony from its first witness. The following day, defense counsel requested a mistrial on the basis of the reference to [Appellant] offering to act as a confidential informant. N.T., 11/8/14 at 6-7. In the alternative, defense counsel requested the jury be instructed to disregard the prosecutor's comment. *Id*. [Appellant] did not challenge the knowing, voluntary and intelligent nature of his statement to Detective Long. He argued that the reference to a "confidential informant" implicated prior bad act information. *Id*. at 6. [The trial court] denied the motion for mistrial and [asked] whether the defense warranted a curative instruction [given the danger of drawing more attention to the objectionable statement]. *Id.* at 6-7. Defense counsel asked for time to think about it and get back to the court, but did not raise the issue again.

- 4 -

The fleeting remark by the prosecutor during his opening statement, which was not mentioned again in front of the jury, did not warrant the drastic remedy of a mistrial. Moreover, during [the trial court's] closing charge, it instructed the jury that the opening and closing statements of counsel are not part of the evidence and should not be considered as such. N.T., 10/8/14 at 176-177. The jury ... is presumed to have followed that instruction. **Commonwealth v. Jemison**, 98 A.3d 1254, 1263 (Pa. 2014). [Appellant] therefore is not entitled to relief on his claim that the [trial] court should have granted a mistrial based on the prosecutor's remark.

Similarly, the [trial court] properly exercised its discretion in denying [Appellant's] request for a mistrial when reference was made during Detective Long's testimony about statements made to her by [Appellant] when he was in custody at the time. N.T., 10/8/13 at 100-101. The brief comments about [Appellant] being in custody did not deprive him of a fair trial. Indeed, it has been held that a mistrial is not generally warranted even where members of the jury see a defendant in handcuffs. Here, the passing reference to [Appellant's] pre-trial detention did not rise to the level of a mistrial. In addition, upon the request of defense counsel, [the trial court] gave the jury a cautionary instruction:

> THE COURT: All right. Ladies and gentlemen of the jury, you have heard the testimony regarding pretrial detention. Any testimony to that effect has no bearing on this trial and shall be disregarded by the jury. All right? You are so ordered to do so. It is disregarded. Satisfactory, Mr. Kravitz?
>
> MR. KRAVITZ: Yes, Your Honor.

Given the presumption that the jury followed the court's instruction, [Appellant] is not entitled to relief on his claim that the [trial court] erred in denying his request for a mistrial.

Trial Court Opinion, 12/1/14, at 8-10.

Upon careful review of the record, we find no error in the trial court's determinations. First, we note that Appellant failed to make a

contemporaneous objection after the prosecutor, during opening statements, referenced Appellant's willingness to become a confidential informant. Rather, Appellant's counsel waited until the following day, after opening statements had concluded and witnesses had begun to testify, to object. On this basis alone, the trial court could have denied the objection for being untimely. **See Commonwealth v. Pearson**, 322, 685 A.2d 551, 555 (Pa. Super. 1996) ("Failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal. Pa.R.A.P. 302(a)").

Moreover, even after Appellant's counsel objected to the Commonwealth's reference to Appellant offering to be a confidential informant, Appellant's counsel still did not request a mistrial, and did not pursue the trial court's offer to issue a curative instruction. N.T., 10/8/13, at 8. **See Commonwealth v. Wholaver**, 989 A.2d 883, 892 (Pa. 2010) (where trial counsel objected to the admission of evidence but did not request a limiting instruction, the issue of trial court error for not giving such instruction is waived); **Commonwealth v. Bryant**, 855 A.2d 726, 739 (2004) (failure to request cautionary instruction upon introduction of evidence constitutes waiver of claim of trial court error in failing to issue cautionary instruction); **Commonwealth v. Bell**, 562 A.2d 849, 853 (Pa. Super. 1989) ("Where counsel fails to request a mistrial when the alleged prejudicial event occurs, the issue is not preserved for appellate review.").

Even if Appellant had not waived the challenge to the prosecutor's opening statement referencing Appellant's offer to cooperate as a confidential informant, we agree with the trial court that a mistrial was not warranted. Following Appellant's objection to the prosecutor's opening statements, the trial court made clear to the prosecution that it could not question Commonwealth witnesses about Appellant's desire to become a confidential informant, thus ensuring that the Commonwealth did not exploit the reference. N.T., 10/8/13, at 7-8.

Moreover, although arguably the jury could have inferred prior bad acts from the prosecutor's statement that Appellant offered to become a confidential informant, the prosecutor did not make any explicit references to any prior bad acts or detail any past criminal activity committed by Appellant, diminishing any potentially prejudicial effect from the statement. In addition, prior to the Commonwealth's opening statement, the trial court instructed the jury that "the statements and the arguments of counsel ... are not binding upon you as evidence" and the jury is presumed to follow the trial court's instructions. N.T., 10/7/13, at 65. Based on the foregoing, we find no abuse of discretion in the trial court's determination that Appellant was not entitled to a mistrial.

We turn next to Appellant's challenge to the Commonwealth's reference to Detective Long's statements that she spoke with Appellant while

he was being held in pre-trial custody after the preliminary hearing.[2]  Our

Supreme Court has explained that "although generally no reference may be

_____

[2] Appellant objected to the following testimony of Detective Heather Long:

| | |
|---|---|
| Assistant District Attorney: | Were you present at [Appellant's] preliminary hearing? |
| Detective Long: | Yes, I was. |

      ***

| | |
|---|---|
| Assistant District Attorney: | After the preliminary hearing, did you have any contact with [Appellant] again? |
| Detective Long: | Yes.  I walked [Appellant] back to Pottstown Borough Hall where he was placed in a holding cell to await transport back.  And I had returned to the cellblock with another prisoner and he got my attention.  We had very thick doors, so I had to open the door to be able to hear him.  At which point, he stated, prior to me being able to say anything to him, that he had kissed [the victim], but did not put his penis in her vagina. |

      ***

| | |
|---|---|
| Assistant District Attorney: | At that point in time, did you ask [Appellant] any questions? |
| Detective Long: | No. |
| Assistant District Attorney: | And was that because he was in custody at the time? |
| Detective Long: | Correct. |

*(Footnote Continued Next Page)*

made at trial in a criminal case to a defendant's arrest or incarceration for a previous crime, there is no rule in Pennsylvania which prohibits reference to a defendant's incarceration awaiting trial or arrest for the crimes charged." ***Commonwealth v. Johnson***, 52-53, 838 A.2d 663, 680-81 (Pa. 2003). Here, the jury could have reasonably inferred that Appellant's custody referenced by Detective Long was the result of the criminal acts for which Appellant was on trial. Thus, the testimonial evidence in question "did not either expressly or by reasonable implication convey the fact of a prior criminal offense unrelated to the criminal episode for which [Appellant] was then on trial," and therefore no mistrial was warranted. ***Commonwealth v. Wilson***, 649 A.2d 435, 446 (Pa. 1994).

Moreover, immediately after Detective Long's statement, the trial court issued a prompt curative instruction to the jury sufficient to negate any prejudice which may have resulted, and thereafter issued a full and complete charge to the jury. The Commonwealth did not further exploit the reference, and no other evidence of Appellant being in custody prior to trial was introduced. Under these circumstances, we conclude that the trial court's instruction to the jury to disregard the remark was proper, and that the any prejudice that resulted was insufficient to require a mistrial.

*(Footnote Continued)* _____

Appellant's Counsel:        Objection. Your Honor, may I approach?

N.T., 10/8/13, at 101.

For the foregoing reasons, we find Appellant's issues to be unavailing, and therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2015