J-A03016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENDRITH J. JONES | |
| Appellant | No. 515 MDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006709-2014

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

CONCURRING STATEMENT BY LAZARUS, J.:          **FILED MAY 24, 2017**

I respectfully concur.  In order to prove the crime of persons not to possess firearms, the Commonwealth was required to show:  (1) possession, and (2) a prior conviction as enumerated in 18 Pa.C.S.A. § 6105(b).  The current state of the law provides that a defendant does not suffer unfair prejudice merely by the admission into evidence of his certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of the crime.  *See* *Commonwealth v. Jemison*, 98 A.3d 1254, 1262 (Pa. 2014). Nonetheless, I submit there is a strong rationale for allowing a bifurcated presentation and deliberation to avoid prejudice, which might ultimately conserve judicial resources.

A jury may be more likely to find against a defendant on the possession element if there is evidence presented of a prior crime. Contrary to the Commonwealth's argument, it does not "strain credulity" to find that the evidence presented to prove the second element of the crime may prejudice the defendant with respect to the first. Without this knowledge, the jury may not have found, beyond a reasonable doubt, that Jones constructively possessed the firearm. Bifurcation would allow a jury to deliberate on the possession element, without the taint of evidence of a prior conviction, and end the matter if the jury found no possession -- preserving judicial resources, while avoiding potential prejudice to a defendant resulting from the introduction of a defendant's prior conviction. *See United States v. Joshua*, 976 F.2d 844, 848 (3rd Cir. 1992) (in response to defendant's request for severance/separate trials, court found bifurcation struck "appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy."); *United States v. Pelullo*, 14 F.3d 881, 896 (3rd Cir. 1994) (recognizing possibility of "element" bifurcation).

Because *Jemison* is controlling precedent, I concur in the majority's decision.

Judge Dubow joins this concurring statement.