**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY N. TRAINOR | : | |
| | : | |
| Appellant | : | No. 2628 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006523-2022


BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 26, 2024**

Appellant, Barry N. Trainor, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for driving under the influence of alcohol or a controlled substance ("DUI"), aggravated assault with a vehicle while DUI, accidents involving death or injury while not licensed, driving while operating privileges are suspended or revoked, accidents involving death or injury, aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** Trial Court Opinion, filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a), 3735.1, 3742.1(a), 1543(b)(1)(i), 3742(a), 18 Pa.C.S.A. §§ 2702(a), 2701(a), and 2705, respectively.

12/21/23, at 1-9). Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> Did the [trial] court abuse [its] discretion when [it] granted the Commonwealth's motion to admit prior bad acts and denied the defense's counter motion to protect the record from prior criminal conduct, thereby prejudicing the jury and producing a tainted verdict?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Deborah Cianfrani, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion at 9-15) (finding: to meet its burden of proof, Commonwealth needed to present evidence to show that Appellant had requisite *mens rea* for aggravated assault, aggravated assault by vehicle while DUI, and accidents involving death or injury while not licensed;[2] evidence of Appellant's prior DUI convictions and court-ordered participation in alcohol

---

[2] Appellant argues on appeal that the issue of *mens rea* was not in dispute because Appellant was willing to stipulate that whoever was driving the vehicle had the requisite *mens rea* for each offense. As such, Appellant challenges the court's statements that the Commonwealth needed to present evidence to establish *mens rea*. Nevertheless, our Supreme Court has held that the Commonwealth is not required to accept a defense stipulation to prove its case. **See Commonwealth. v. Jemison**, 626 Pa. 489, 98 A.3d 1254 (2014) (reaffirming that Commonwealth may use proper evidence to prove its case and is not required to accept defendant's stipulations). The Commonwealth is entitled to choose the means by which it presents its case, and the court could not compel the Commonwealth to accept a stipulation in lieu of presenting evidence. Thus, Appellant's argument in this respect fails.

highway safety programs was admitted for purpose of establishing Appellant's state of mind when he drove under influence of alcohol;[3] this evidence was highly probative because it demonstrated that Appellant was aware of risks of consuming alcohol before driving and consciously ignored them when he decided to drive; Commonwealth did not have other means to establish Appellant's state of mind because Appellant fled from scene of accident; any prejudicial effect was alleviated by court's limiting instruction; probative value of evidence outweighed any prejudicial effect). The record supports the trial court's decision. Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

---

[3] The trial court relied on the holding in **Commonwealth v. Diehl**, 140 A.3d 34 (Pa.Super. 2016), *appeal denied*, 639 Pa. 319, 160 A.3d 757 (2016), to conclude that evidence of Appellant's prior DUI convictions and participation in safety classes was probative to establish Appellant's state of mind. Appellant argues that the court's reliance on **Diehl** is misplaced because identification of the driver was not at issue in **Diehl** as it was in the instant matter. We disagree with Appellant that this distinction renders the holding in **Diehl** regarding the probative value of evidence of prior DUI convictions and participation in safety classes for the purpose of establishing *mens rea* inapplicable to the instant matter. The Commonwealth needed to present evidence to prove all elements of the offenses, including *mens rea*.

Appellant further claims that the evidence of prior convictions and safety classes was only admissible in **Diehl** because the Commonwealth charged the appellant with third-degree murder and needed to establish malice. However, the **Diehl** Court affirmed the trial court's evidentiary ruling that the evidence was "relevant and admissible to prove malice, criminal negligence, and recklessness by showing [the a]ppellant disregarded the specialized knowledge he had acquired regarding the increased risk of danger that drinking after driving poses." **Id.** at 41. As such, Appellant's arguments are without merit, and we agree with the trial court that **Diehl** is instructive here.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/26/2024