J-S13004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARDO ANTHONY JEFFERIES, SR. | : | |
| | : | |
| Appellant | : | No. 737 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 11, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002567-2021

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: APRIL 22, 2025**

Ricardo Anthony Jefferies, Sr. appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after a jury convicted him of one count of persons not to possess firearms.[1] Jefferies challenges the admission of his prior burglary[2] convictions into evidence as cumulative and prejudicial. After careful review, we affirm.

The trial court summarized the factual and procedural history of the case as follows:

> On May 27, 2021, police officers executed a search warrant at the home of [Jefferies]. The officers stated that [Jefferies] was in possession of a loaded firearm that was concealed in his waistband at the time of the execution of the warrant. [Jefferies] was convicted of Burglary in 2010, which is one of the enumerated

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 3502.

offenses that prohibits [Jefferies] from possessing a firearm. The police officers also allege that they discovered a digital scale with crack cocaine residue on its surface and four (4) Percocet tablets packaged for sale.

[Jefferies] was charged with one count of Possession of Firearm Prohibited; two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver; and one count of Use/Possession of Drug Paraphernalia. The Commonwealth chose to go to trial solely on the count of Possession of Firearm Prohibited. A trial was conducted on April 15, 2024, and the jury returned a guilty verdict that same day.

[Jefferies] filed a *pro se* appeal of the April 15, 2024 Verdict, which was docketed at 737 MDA 2024. This appeal was premature, as [Jefferies] had yet to be sentenced, and [the trial court] wrote a letter to the Superior Court stating as such. [Jefferies] was sentenced on July 11, 2024 to five to ten years in state prison. The remaining charges against him were withdrawn by the Commonwealth. [Jefferies] was given a time credit of three years, one month and fifteen days. Thereafter, on August 6, 2024, counsel for [Jefferies] filed a Praecipe to Withdraw [Jefferies'] *pro se* Notice of Appeal.

[Jefferies'] counsel did not file this Praecipe to Withdraw with the Superior Court, however. Thus, on August 14, 2024 the Superior Court issued an Order directing [Jefferies'] counsel to re-file the Praecipe to Withdraw with the Superior Court or to file a [Pa.R.A.P.] 3517 Docketing Statement with the Superior Court. On August 15, 2024, counsel for [Jefferies] entered his appearance on [Jefferies'] behalf at the 737 MDA 2024 Docket. [Jefferies'] counsel subsequently filed a docketing statement on August 16, 2024 at that same docket. As such, the *pro se* appeal has not been withdrawn, and [Jefferies] is still proceeding on that appeal.

Trial Court Opinion, 11/5/24, at 1-2 (footnotes omitted).

On October 24, 2024, Jefferies filed a court-ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). In response,

the trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), on November 5, 2024.

On appeal, Jefferies presents the following question for our review:

Did the trial court err in admitting two separate criminal convictions to prove [Jefferies'] status as a person not to possess when using more than one conviction was cumulative and unduly prejudicial?

Appellant's Brief, at 5 (formatting altered; suggested answer omitted).

Jefferies challenges the trial court's evidentiary ruling; our standard of review is well-settled:

the admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion is not simply an error of judgment, but is an overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality.

***Commonwealth v. Smith***, 325 A.3d 513, 518-19 (Pa. 2024) (citations omitted).

Jefferies avers the trial court abused its discretion by permitting the Commonwealth to present needlessly cumulative evidence of his two prior burglary convictions, for which guilty pleas were entered on the same day, because the convictions are "duplicative" and "not distinct in their uses." Appellant's Brief, at 9. Jefferies further contends that he is entitled to a new trial because the sole reason for introducing both convictions would be to "demonstrate [his] bad character." ***Id.*** We disagree.

"Relevance is the threshold for admissibility of evidence." *Commonwealth v. Tyson*, 119 A.3d, 353, 358 (Pa. Super. 2015) (en banc) (citation omitted). "Evidence is relevant if … it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Pa.R.E. 401(a). While "[a]ll relevant evidence is admissible," a trial court "may exclude relevant evidence if its probative value is outweighed by a danger of … unfair prejudice … or needlessly presenting cumulative evidence." Pa.R.E. 402, 403. Evidence presents a danger of unfair prejudice if it has "a tendency to suggest [a] decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403, *Comment*. Evidence is cumulative if it is "additional evidence that supports a fact established by the existing evidence." *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (brackets and citation omitted). "[A] trial court is not required to prohibit evidence merely because it is harmful to the defense." *Commonwealth v. Wilson,* 273 A.3d 13, 19-20 (Pa. Super. 2022) (citation omitted). Rather,

> [e]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case.… This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand.

*Id.* at 20 (quotation marks and citations omitted).

To obtain a guilty verdict under Section 6105, the Commonwealth must prove, beyond a reasonable doubt, that the defendant (1) had previously been

- 4 -

convicted of a statutorily enumerated offense which prohibited him from possessing a firearm and (2) possessed a firearm more than 60 days from the date he became a person prohibited by law from possessing a firearm. ***See*** 18 Pa.C.S.A. § 6105(a)(1)-(2)(i). A burglary conviction is a predicate offense under the persons not to possess statute. ***See*** 18 Pa.C.S.A. § 6105(b).

Our Supreme Court has explicitly rejected the contention that a defendant suffers unfair prejudice

> merely by the admission into evidence of his or her certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of § 6105.

> Any possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury, directing them to consider the defendant's prior offense only as evidence to establish the prior conviction element of the § 6105 charge, not as evidence of the defendant's bad character or propensity to commit crime. … [T]he jury is presumed to follow the court's instructions.

***Commonwealth v. Jemison***, 98 A.3d 1254, 1262-63 (Pa. 2014) (citation omitted).

Jefferies' averments are unsupported by the record and meritless. Here, the Commonwealth's introduction of the burglary offenses did not constitute needless presentation of cumulative evidence. As the trial court noted,

> [Jefferies] pled guilty to two charges of Burglary on April 14, 2010 on two separate dockets: 267-CR-2010 and 269-CR-2010. The Burglary charges arose from two separate incidents, but [Jefferies] pled guilty on the same day, and he was sentenced concurrently with both dockets. This Court allowed evidence of both convictions as a necessary element of the charge of Possession of Firearm Prohibited. Although the two charges

related to separate incidents, they were intertwined through [Jefferies'] guilty plea to both on the same day, and his sentencing that took both convictions into account.

There is no case law that states that introduction of more than one conviction to prove that a [d]efendant was convicted of a specific enumerated offense for purposes of a charge of possession of firearms prohibited is cumulative or unduly prejudicial. Rather, the introduction of multiple convictions may be beneficial to prove that element, as the jury is free to disbelieve one or all of the convictions. Regardless, the use of cautionary instructions greatly mitigates any prejudice of the introduction of multiple offenses.

Trial Court Opinion, 11/5/24, at 3-4 (citation omitted). We discern no abuse of discretion.

Moreover, Jefferies was not unfairly prejudiced by the prior convictions evidence. Our review of the record confirms that the trial court first instructed the jury on the proper use of the evidence after Chief District Attorney Jennifer Gettle testified to prosecuting "Ricardo Anthony Jefferies" for two burglary offenses, and before Jefferies' former parole agent, Devin Bolton, testified to Jefferies being the person convicted of the burglaries, and again prior to jury deliberations. *See* N.T. Jury Trial, 4/15/24, at 63-66, 68, 72, 91; *see also Jemison*, 98 A.3d at 1262 ("the trial judge appropriately instructed the jury twice regarding the proper use of the evidence, once immediately after the Commonwealth introduced the certified conviction, and again just before the jury began its deliberations."). The court's instructions specifically provided that "[t]he only relevance of this testimony today is evidence for you to weigh that the defendant was the person with a prior conviction in relation to the

elements of the crime he is on trial for today." N.T. Jury Trial, 4/15/24, at 68, 91. Furthermore, Jefferies has neither produced a colorable argument nor pointed to anything in the record to rebut the presumption that the jury followed these instructions. **See Jemison**, 98 A.3d at 1263.

Accordingly, the trial court properly exercised its discretion in permitting the Commonwealth to introduce the prior burglary convictions into evidence to establish that Jefferies was a person prohibited from possessing a firearm under Section 6105. Jefferies' challenge is meritless, and he is not entitled to his requested relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2025