J-A05011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAKE ALSTON | : | |
| | : | |
| Appellant | : | No. 505 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002854-2024

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 29, 2026**

Blake Alston appeals from the judgment of sentence entered after he was convicted of persons not to possess firearms.[1] He challenges the sufficiency of the evidence to sustain his conviction. We affirm.

Police charged Alston with the above offense based on an incident on August 1, 2023. Alston waived his right to a jury trial, and the trial court heard the case on August 9, 2024.

The Commonwealth's sole witness at trial was Aurima Perez-Vega, who testified (through an interpreter) that he lived across the street from Alston on the date of the incident. N.T., 8/9/24, at 13–15. Perez-Vega said that around 4:30 that day, he saw Alston going around the neighborhood with a loudspeaker microphone, rambling incoherently. *Id.* at 14, 17–18. From an

_____

[1] 18 Pa.C.S. § 6105(a)(1).

upstairs window about 25 feet away, Perez-Vega saw Alston stand in front of Alston's front door, pull out a .380 caliber gun, and sweep it from side to side. *Id.* at 18–20. Perez-Vega testified that Alston pointed the gun towards Perez-Vega's front door and window for about 45 seconds. *Id.* at 20–21. Perez-Vega stated that he called the police immediately; they arrived quickly, but by then Alston had changed his clothes and ran away. *Id.* at 22–23.

The central issue at trial was the accuracy of Perez-Vega identifying the object in Alston's hand as a gun. Perez-Vega testified that he saw a lot of weapons in the Puerto Rico State Guard Army, he had a license to carry, and he owned "a .40 caliber." *Id.* at 21–24. Based on this knowledge of firearms, Perez-Vega testified that he could tell the caliber of a gun by looking at it. *Id.* at 25. Perez-Vega insisted throughout his testimony that he was sure that he saw Alston pointing a .380 caliber gun. When asked for the basis of his belief, Perez-Vega reiterated his certainty:

> Q. And, Mr. Perez-Vega, just to be clear, what did you believe that you had observed?
>
> A. Just that he was pointing his gun.
>
> Q. And why did you believe that?
>
> A. He sees me like I'm a cop.
>
> Q. Why did you believe what you were seeing was a gun?
>
> A. I'm not 100 percent sure, I am 300 percent sure that's what it was.

*Id.* at 27.

On cross-examination, Perez-Vega continued to state his "300 percent" certainty that he saw Alston with a firearm:

Q. You told us that the object was about six inches long?

A. It was a 38 caliber.

Q. 38 or a 380?

> THE INTERPRETER: He's saying 380, I don't know if the interpreter is unaware if that's a 38 or a 380, interpreter error possible.
>
> THE WITNESS: It's a 380, 380.
>
> BY [defense counsel]:

Q. It's just the size that tells you it's a 380; right?

A. It's small, very small.

Q. And that's the only reason you think it's a 380?

A. I'm a hundred percent sure of that.

Q. That's not what I'm asking you. Is there any other reason that you think you're qualified to say this is a 380 besides the size?

A. Because of the size. There's thousands of them, but the thing I want to make sure of that I emphasize is I knew it was a gun, the colors were a gun.

Q. So the colors and the size led you to be certain that this was a real gun?

A. I'm 300 percent sure.

*Id.* at 31–32. The parties stipulated that Alston had a conviction for a prior disqualifying offense. *Id.* at 34.

The trial court found Alston guilty. On October 15, 2024, the trial court sentenced Alston to 3 ½ to 7 years of confinement and 1 year of consecutive probation. Alston filed a timely post-sentence motion, which was denied by

operation of law. Alston timely appealed. Alston and the trial court complied with Pennsylvania Rule of Criminal Procedure 1925.

Alston presents one question on appeal: "Was the evidence too weak, insubstantial and inconclusive to support [Alston's] conviction for possession of a firearm?" Alston's Brief at 2. Alston argues that although Perez-Vega may have sincerely believed he saw Alston holding a firearm, there was no basis for the trial court to conclude that Perez-Vega's opinion was correct. *Id.* at 8, 11–12. Rather, Alston characterizes Perez-Vega's lay opinion testimony as conclusory and unfounded. *Id.* at 8–9 (drawing from *In the Interest of J.B.*, 189 A.3d 390 (Pa. 2018)). Alston maintains that Perez-Vega's "300 percent" certainty is not a substitute for the (missing) explanation of why Perez-Vega knew what he saw was a .380 caliber handgun.

The Commonwealth argues that the trial court was free to accept Perez-Vega's testimony that he saw Alston holding a gun, and Alston's claim must therefore fail. According to the Commonwealth, Perez-Vega's lay testimony was adequate to establish that Alston possessed a gun, and his opinion was strengthened by his experience with firearms. The Commonwealth notes that a successful prosecution for this offense does not require the gun itself to be recovered.

A court reviewing evidentiary sufficiency "must determine whether, when viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence presented at trial and all reasonable inferences derived from the evidence was sufficient to establish all of the elements of the offense

beyond a reasonable doubt." *Commonwealth v. McIntyre*, 333 A.3d 417, 432 (Pa. Super. 2025) (citing *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011)). This standard recognizes that the fact-finder assesses the weight and credibility of the witnesses at trial and "is free to believe all, part or none of the evidence." *Id.*

The Supreme Court of Pennsylvania has recognized that evidence may be "so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances"; in such a case, the evidence is insufficient to sustain a conviction. *J.B.*, 189 A.3d at 409 (quoting *Commonwealth v. Libonati*, 31 A.2d 95, 97 (Pa. 1946)). Thus, if all the evidence from trial equally supports "two reasonable but diametrically opposed" findings as to a defendant's guilt, then it fails as a matter of law. *Id.* (citing *Commonwealth v. Woong Knew New*, 47 A.2d 450 (Pa. 1946) (holding the factual question to be in "equipoise")). Likewise, trial evidence may be so unreliable or contradictory that it is insufficient as a matter of law to sustain a conviction. *Id.* at 415 n.26 (citing *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993)).

The crime at issue in this case requires proof that a defendant was convicted of an enumerated offense and possessed a firearm. 18 Pa.C.S. § 6105(a)(1); *Commonwealth v. Jemison*, 98 A.3d 1254, 1256 (Pa. 2014). Notably, a witness' testimony that a defendant possessed a gun "is all that is necessary" to establish the possessory element, even if no gun is recovered. *Commonwealth v. Robinson*, 817 A.2d 1153, 1161–62 (Pa. Super. 2003).

Here, the trial evidence showing that Alston possessed a firearm was Perez-Vega's testimony directly asserting that fact. The trial court was free to find from Perez-Vega's testimony that "the object in question that looked like a firearm and was treated like a firearm[] was a firearm." Trial Court Opinion, 6/13/25, at 11. Perez-Vega's unwavering testimony that he saw Alston holding a gun does not equally support two "diametrically opposed" inferences as in *J.B.* Rather, if the trial court accepted this direct evidence as true, the only logical finding was that Alston possessed a firearm. Likewise, Perez-Vega basing his conclusion that he saw a gun on the item's size and color does not render his testimony to be unreliable or contradictory, such that the evidence would be insufficient to sustain Alston's conviction. The trial court could assess the basis for Perez-Vega's testimony in determining its findings of fact. Because the trial court could reasonably find from Perez-Vega's testimony that Alston possessed a firearm, we sustain Alston's conviction and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026

- 6 -