J-S25035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :         PENNSYLVANIA
      :
v.      :
      :
      :
LAMAR SHAREEF CRUMPLER,      :
      :
Appellant      :     No. 27 MDA 2019

Appeal from the PCRA Order Entered December 3, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001569-2014

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JUNE 28, 2019**

Lamar Shareef Crumpler ("Crumpler") appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously set forth the relevant factual and procedural history as follows:

> State Trooper Rodney Fink [("Trooper Fink")] utilized a confidential informant [("CI")] to conduct a controlled purchase of heroin from [Crumpler] in Franklin County on July 24, 2014, and August 5, 2014.  As a result, Trooper Fink executed a search warrant at [Crumpler's] home on August 6, 2014, and recovered two firearms, heroin and marijuana packaged for sale, drug paraphernalia, and over $12,000.00.
>
> The Commonwealth charged [Crumpler] with two counts each of persons not to possess firearms, delivery of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), [and] criminal use of a communication facility, and one count of [possession of] drug paraphernalia.  On July 27, 2015, [Crumpler] pled guilty to the seven drug-related counts and received a trial date for his two firearms charges.  The [trial] court

sentenced [Crumpler,] on September 2, 2015, to an aggregate term of four (4) to eight (8) years' imprisonment for the drug convictions. [Crumpler] did not file a direct appeal. Instead, on June 10, 2016, [Crumpler] timely filed a *pro se* PCRA [P]etition related to the drug convictions.

On July 5, 2016, [Crumpler] proceeded to a jury trial on his two firearms charges. ... [A Newark Police Department detective] established that [Crumpler] had pled guilty to [PWID in New Jersey in February 2001].

The jury convicted [Crumpler] of both counts of persons not to possess firearms. On August 10, 2016, the court sentenced [Crumpler] to an aggregate term of five (5) to ten (10) years' imprisonment for the firearms convictions. [Crumpler] timely [appealed.] Around the same time, [Crumpler] filed a [M]otion to withdraw his *pro se* PCRA [P]etition, which the court granted, and reinstated his direct appeal rights[,] *nunc pro tunc*[,] from his September 2, 2015 judgment of sentence. [Crumpler] timely filed an amended [N]otice of appeal on September 20, 2016, to include his September 2, 2015 judgment of sentence. …

***Commonwealth v. Crumpler***, 169 A.3d 1188 (Pa. Super. 2017) (unpublished memorandum at 1-3). On appeal, Crumpler challenged only the judgment of sentence imposed for his persons not to possess firearms convictions, which this Court affirmed on April 19, 2017. ***See id.*** (unpublished memorandum).

Crumpler, *pro se*, filed the instant timely PCRA Petition on September 8, 2017. The PCRA court appointed Crumpler counsel, who filed two Amended Petitions on his behalf. The PCRA court conducted an evidentiary hearing, and subsequently dismissed Crumpler's Petition on December 3, 2018. Crumpler thereafter filed the instant timely appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Crumpler now raises the following issues for our review:

1. The PCRA [c]ourt erred by denying [Crumpler's] claim that counsel was ineffective by failing to adequately object to[,] or to attempt to exclude[,] evidence of a prior criminal conviction in New Jersey, and to then fail to properly develop the issue on appeal[?]

2. The PCRA [c]ourt erred by denying [Crumpler's] claim that by failing to challenge/file a motion to suppress related to the probable cause [A]ffidavit in the application for the search warrant of [Crumpler's] residence, counsel was ineffective at the pre-trial stage of this matter[?]

3. The PCRA [c]ourt erred by denying [Crumpler's] claim that counsel was ineffective by opening the door to permit the Commonwealth to present evidence of [Crumpler's] testimony and conduct at a separate forfeiture proceeding[?]

Brief for Appellant at 6.

Crumpler's issues challenge the effectiveness of his prior counsel. The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

> * * *

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's

- 3 -

error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In his first claim, Crumpler argues that trial counsel was ineffective for failing to attempt to exclude evidence of his prior criminal conviction in New Jersey. Brief for Appellant at 13. Crumpler also argues that direct appeal counsel was ineffective for failing to properly develop such claim on appeal. ***Id.*** According to Crumpler, the testimony concerning his prior conviction, which spanned 15 pages of trial testimony, was "considerably more" than a mere admission of a specific predicate offense. ***Id.*** at 14.[1]

While challenging direct appeal counsel's failure to develop this issue on appeal, Crumpler continues to present this claim for review with only minimal

---

[1] We observe that Crumpler's first claim is not specifically raised in his Concise Statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived."); ***see also Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011) (stating that a concise statement "must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." (citation, quotation marks and brackets omitted)). Instead, Crumpler's Concise Statement includes a general allegation that counsel "was ineffective for failing to preserve the issues raised on appeal by not developing the issues in his [b]rief ..., thereby resulting in waiver…." Concise Statement, 1/22/19. However, the PCRA court was able to ascertain that Crumpler intended to challenge direct appeal counsel's failure to develop his claim that he was unfairly prejudiced by testimony concerning his prior conviction. ***See*** PCRA Court Opinion, 1/28/19, at 5-6. Thus, we decline to deem Crumpler's first issue waived on this basis.

development, and a hurried discussion of the prongs of the ineffectiveness test. *See* 1925(a) Opinion, 1/28/19, at 6 (stating that "[e]ven if there had been an issue to develop during [Crumpler's] appeal as of right, [Crumpler] also failed to develop the issue with a collateral attack in his subsequent PCRA [P]etition."). Additionally, Crumpler baldly claims that he was prejudiced by the lengthy discussion of his prior offense, but fails to argue that the outcome of the proceedings would have been different but for counsel's alleged failures. *See Franklin*, *supra*. We will nevertheless address whether Crumpler's first claim has arguable merit.

"Relevance is the threshold for admissibility of evidence." *Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015); *see also* Pa.R.E. 402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Pa.R.E. 401. However, "[t]he court may exclude relevant evidence if its probative value is outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403; *id.*, cmt. (explaining that unfair prejudice is "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."). Further, in a persons not to possess firearms case, a defendant does not suffer "unfair prejudice merely by the admission into evidence of his or her certified conviction of a specific,

identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of [18 Pa.C.S.A. §] 6105 [(persons not to possess firearms)]." ***Commonwealth v. Jemison***, 98 A.3d 1254, 1262 (Pa. 2014).

At trial, counsel objected to the introduction of Crumpler's prior conviction as evidence only on the basis of relevance. On appeal, this Court affirmed the trial court's determination that evidence of Crumpler's New Jersey conviction was relevant for purposes of establishing Crumpler's identity (he had used an alias in the New Jersey criminal event), and establishing the New Jersey conviction as a qualifying predicate offense for purposes of Section 6105. ***See Crumpler***, ***supra*** (unpublished memorandum at 11-12). Our review of the transcripts reveals that the Newark detective's testimony pertained only to Crumpler's New Jersey conviction, the relevant state statutory definition of the offense and the applicable sentencing scheme, and Crumpler's use of an alias during the commission of the crime. ***See*** N.T., 7/5/16, at 17-32; ***see also Jemison***, ***supra***. Further, the Newark detective's testimony was not used as evidence of Crumpler's bad character or propensity to commit crime, nor did it have a tendency to suggest that the jury render its decision on an improper basis. ***See generally Jemison***, 98 A.3d at 1262 (concluding that jury instruction directing the jury to consider defendant's prior offense only as evidence to establish the prior conviction element mitigated any possibility of unfair prejudice); ***see also*** Pa.R.E. 403, cmt.

Thus, as Crumpler failed to establish that his underlying claim is of arguable merit, he is not entitled to relief on this claim.

In his second claim, Crumpler contends that trial counsel was ineffective for failing to file a motion to suppress, challenging the Affidavit of probable cause supporting the search warrant for his residence. Brief for Appellant at 16. Crumpler argues that the controlled purchase of heroin at an "undisclosed location" was insufficient to establish probable cause to believe that possession and distribution of heroin was occurring at Crumpler's residence. *Id.* at 16-17. According to Crumpler, the police did not observe any criminal activity at his residence. *Id.* at 17.

Here, Crumpler has failed to show that the underlying claim, *i.e.*, that the search warrant was not supported by probable cause, is of arguable merit. The PCRA court addressed this claim as follows:

> [T]he [A]ffidavit in the instant case contains detailed information that [Crumpler's] residence was used in the commission of the crimes charged. In the instant case[,] a [CI] was used to conduct controlled buys. The [A]ffidavit indicates that the CI called [Crumpler] to effectuate the purchase of heroin. Law enforcement officers observed [Crumpler] leaving his residence … shortly thereafter. [Crumpler] then met with the CI, sold the CI heroin, and returned to his residence…. [Additionally,] the [A]ffidavit of [P]robable [C]ause in the instant case indicates that the police actually observed [Crumpler] departing his residence shortly after being contacted by the CI[,] and the police also observed him returning to his residence after selling heroin to the CI. The [c]ourt finds that … the evidence provided in the [A]ffidavit in the instant case did give rise to probable cause to search [Crumpler's] home. …

- 7 -

PCRA Court Opinion and Order, 12/4/18, at 11-12 (citations to record and paragraph breaks omitted). Regarding the July 2014 controlled buy, our review of the Affidavit of Probable Cause attached to the search warrant application confirms that the CI called Crumpler to arrange a meeting; shortly after the phone call, police surveillance units observed Crumpler riding a bicycle near his residence; police observed Crumpler's meeting with the CI; and surveillance units observed Crumpler enter the fenced yard on the south side of the residence. *See* Affidavit of Probable Cause, 8/6/14, at 2. Further, regarding the August 2014 controlled buy, our review likewise confirms that the CI called Crumpler to arrange a meeting; within minutes of the phone call, surveillance units observed Crumpler leave the residence and meet with the CI; following the arranged meeting, surveillance units observed Crumpler enter the fenced yard on the south side of the residence, and re-enter the house. *See id.* We therefore agree with the PCRA court's determination that the factual recitation contained in the Affidavit of Probable Cause was sufficient to establish a nexus between Crumpler's residence and the drugs purchased, and that the search warrant was supported by probable cause. *See Commonwealth v. Clark*, 28 A.3d 1284, 1292 (Pa. 2011) (concluding that search warrant for defendant's residence was supported by probable cause, where police observed defendant leaving his residence, conducting the controlled buy, and returning to his residence, consistent with information provided by a CI). Thus, Crumpler is not entitled to relief on the basis that

trial counsel was ineffective for failing to raise this claim in a motion to suppress.

In his third claim, Crumpler asserts that the PCRA hearing brought to light "newly discovered" information, *i.e.*, that trial counsel had "opened the door" to the admission of statements made by Crumpler in an unrelated forfeiture proceeding. Brief for Appellant at 19. Crumpler claims that the evidence was prejudicial because it made the jury aware of additional firearms. ***Id.*** at 19-20.

Crumpler failed to raise this claim in his Concise Statement, and therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Commonwealth v. Berry***, 877 A.2d 479, 485 (Pa. Super. 2005) (stating that any issues not raised in a Rule 1925(b) concise statement are waived on appeal). Additionally, Crumpler fails to fully develop this claim by pointing to the relevant portions of the trial and PCRA hearing testimony. ***See*** Pa.R.A.P. 2119(a) (requiring that each point in an argument contain "such discussion and citation of authorities as are deemed pertinent."); ***see also Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

Based upon the foregoing, we affirm the PCRA court's Order dismissing Crumpler's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019