J-S02045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANAY SMITH | : | |
| | : | |
| Appellant | : | No. 1631 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 18, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000183-2019

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    Filed: May 6, 2021

Appellant Janay Smith appeals *nunc pro tunc* from the judgment of sentence imposed following her convictions for aggravated assault and related offenses.  Appellant's counsel (Counsel) filed a petition to withdraw and an **Anders**/**Santiago**[1] brief.  We grant Counsel's request to withdraw and affirm.

On December 20, 2018, Chester County Police Officers Tyler Bury and Patrick Dougherty observed Appellant's vehicle fail to stop at three consecutive stop signs.  The officers initiated a traffic stop and approached Appellant's car.  When the officers asked Appellant for her license and registration, Appellant refused to provide them.  The officers then attempted to arrest Appellant.  Officer Dougherty leaned inside the vehicle to remove Appellant from her seat.  While doing so, Appellant shifted the vehicle into

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

drive and accelerated, dragging Officer Dougherty in the process. As Appellant drove away from the scene, Officer Dougherty was thrown from the moving vehicle. Police eventually stopped Appellant's vehicle and arrested her.

After a jury trial, at which Appellant elected to proceed *pro se* with stand-by counsel, Appellant was found guilty of aggravated assault, simple assault, recklessly endangering another person (REAP), resisting arrest, fleeing or attempting to elude a police officer, accidents involving death or personal injury, and accidents involving death or personal injury while not properly licensed.[2] On June 18, 2020, the trial court sentenced Appellant to an aggregate sentence of nine to twenty-three months' incarceration, followed by four years' probation. Appellant filed no post-sentence motions.

On July 29, 2020, the Public Defender's Office of Chester County filed a Post Conviction Relief Act[3] (PCRA) petition seeking the reinstatement of Appellant's direct appeal rights. The PCRA court issued an order restoring Appellant's direct appeal rights *nunc pro tunc*.

Appellant filed a notice of appeal, and the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On September 16, 2020, Counsel filed a statement of intention to file an ***Anders***/***Santiago*** brief in lieu of a concise statement. Appellant did not respond to Counsel's ***Anders***/***Santiago*** brief.

_____

[2] ***See*** 18 Pa.C.S. §§ 2702(a)(6), 2701(a)(1), 2705, 5104; 75 Pa. C.S. §§ 3733(a), 3742(a), and 3742.1(a), respectively.

[3] 42 Pa.C.S. §§ 9541-9546.

The trial court declined to file a 1925(a) opinion, citing Counsel's intent to file an **Anders**/**Santiago** brief.

In the **Anders**/**Santiago** brief, Counsel identifies three issues:

1. Did the evidence presented at trial meet the weight and sufficiency requirements to find Appellant guilty beyond a reasonable doubt of aggravated assault, fleeing, accidents involving personal injury, simple assault, [REAP], resisting arrest, and accidents involving personal injury while not properly licensed?

2. Was the sentence pronounced by the trial court lawful?

3. Was the trial otherwise free of error such that Appellant is not entitled to a new trial?

**Anders**/**Santiago** Brief at 2-3.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel complied with the procedural requirements discussed above. Counsel filed a petition to withdraw, indicating that he thoroughly reviewed the trial record and determined that the appeal is wholly frivolous. Counsel also attached to his brief a copy of the letter he sent to Appellant, which advises that Appellant may proceed *pro se* or retain private counsel to raise any additional issues she believes should be brought to this Court's

attention. In addition, Counsel's brief complies with ***Anders***/***Santiago*** obligations set forth. Therefore, we will now undertake our own review to determine whether Appellant's appeal is wholly frivolous.

## Weight of the Evidence

The first issue identified by Counsel is that the verdicts were against the weight of the evidence. ***See Anders***/***Santiago*** Brief at 12.

An appellant wishing to challenge the weight of the evidence must properly preserve her claim for review. Such a claim must be preserved orally prior to sentencing, by a written motion before sentencing, or in a post-sentence motion. ***See*** Pa.R.Crim.P. 607(A).

Here, Appellant represented herself at trial and did not preserve her claim in a written motion before sentencing or orally prior to sentencing. ***See*** Pa.R.Crim.P. 607(A). Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. ***See*** Pa.R.A.P. 302(a). Therefore, we conclude that Appellant's weight of the evidence issue is unreviewable and waived.

## Sufficiency of the Evidence

Counsel next identifies Appellant's claim that there was insufficient evidence to sustain each of her convictions. ***See Anders***/***Santiago*** Brief at 13-14. However, it is unclear from Counsel's ***Anders*** brief exactly which element or elements of the crimes charged Appellant finds insufficient. Moreover, Appellant has not responded to Counsel's ***Anders*** brief, and

therefore we are unable to determine what Appellant's intended sufficiency argument actually entails.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted), *appeal denied*, 204 A.3d 924 (Pa. 2019).

As Appellant's sufficiency issue is actually a broad-based challenge to each of her convictions, we will address each type of crime.

## Aggravated Assault

"A person is guilty of aggravated assault if [she] . . . attempts by physical menace to put [a police officer] . . . in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2702(a)(6). As applied to aggravated assault, an attempt "is demonstrated by proving that the accused acted in a manner which constitutes a substantial or significant step toward perpetrating serious

bodily injury upon another along with the intent to inflict serious bodily injury." ***Commonwealth v. Gruff***, 822 A.2d 773, 776 (Pa. Super. 2003) (citation omitted). Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." ***Commonwealth v. Miller***, 172 A.3d 632, 641 (Pa. Super. 2017) (citation omitted and some formatting altered).

Here, Officer Dougherty testified at trial that Appellant shifted her vehicle into drive as he attempted to remove her from the vehicle and place her under arrest. ***See*** N.T., 1/28/20, at 118-19. Officer Dougherty also testified that Appellant accelerated her vehicle, that she dragged him in the process, and that he was thrown from the car. ***See id.*** at 119. Appellant's conduct demonstrates that she attempted by physical menace to place Officer Dougherty in fear of imminent serious bodily injury in the performance of his duty. ***See Commonwealth v. Lloyd***, 948 A.2d 875, 883 (Pa. Super. 2008) (stating that swerving toward and forcing a police officer's vehicle off the road was sufficient evidence to sustain the appellant's conviction for aggravated assault). Even though Officer Dougherty did not sustain serious bodily injury, Appellant's conduct—namely, that Appellant drove away as Officer Dougherty leaned inside the vehicle—shows that Appellant acted with specific intent to place Officer Dougherty in fear of imminent serious bodily injury. ***See*** N.T.,

1/28/20, at 124-26; **see also Lloyd**, 948 A.2d at 883. As such, the evidence is sufficient to sustain Appellant's conviction for aggravated assault. **See** 18 Pa.C.S. § 2702(a)(6).

## Simple Assault

To sustain a conviction for simple assault, the Commonwealth must prove that Appellant attempted to cause bodily injury to another. **See** 18 Pa. C.S. § 2701(a)(1), (3). The Crimes Code defines "[b]odily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

The Commonwealth may meet its burden for this crime by establishing merely that the defendant intended to cause bodily injury; proof of actual bodily injury is not required. **See Commonwealth v. Klein**, 795 A.2d 424, 428 (Pa. Super. 2002). "This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." **Commonwealth v. Richardson**, 636 A.2d 1195, 1196 (Pa. Super. 1994).

Here, as stated above, Officer Dougherty testified that he attempted to remove Appellant from her car and place her under arrest. As Officer Dougherty leaned inside the vehicle to remove Appellant from her seat, Appellant shifted her vehicle into drive and accelerated, dragging Officer Dougherty. **See** N.T., 1/28/20, at 118-19. This evidence shows that Appellant intended to cause Officer Dougherty bodily injury and is therefore sufficient to sustain Appellant's conviction for simple assault. **See** 18 Pa. C.S. § 2701(a)(1), (3); **see also Klein**, 795 A.2d at 428.

## REAP

A person commits the offense of REAP if she "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. "[REAP] requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another." *Commonwealth v. Shaw*, 203 A.3d 281, 284 (Pa. Super. 2019) (citation omitted).

Here, the trial transcript establishes that Appellant drove away as Officer Dougherty attempted to arrest Appellant. In doing so, Officer Dougherty was thrown from Appellant's moving vehicle. *See* N.T., 1/28/20, at 118-19. As such, the evidence shows that Appellant's conduct placed Officer Dougherty in danger of death or serious bodily injury. *See Shaw*, 203 A.3d at 284. The evidence is therefore sufficient to sustain Appellant's conviction for REAP. *See* 18 Pa.C.S. § 2705.

**Resisting Arrest and Fleeing, or Attempting to Elude a Police Officer**

We next analyze Appellant's convictions for resisting arrest and fleeing, or attempting to elude a police officer.

Our Crimes Code defines resisting arrest as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa. C.S. § 5104.

The offense of fleeing, or attempting to elude a police officer is defined as follows:

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S. § 3733(a).

Here, as stated above, the testimony at trial established that Appellant prevented Officer Bury and Officer Dougherty from effectuating a lawful arrest during a traffic stop. **See** N.T., 1/28/20, at 75-78, 118-19. The evidence also established that Appellant fled the scene of the traffic stop and engaged police in a high-risk chase. **See id.** at 121-22, 160-64, 67. Therefore, the evidence is sufficient to find Appellant guilty of resisting arrest and fleeing or attempting to elude a police officer. **See** 18 Pa.C.S. § 5104; **see also** 75 Pa.C.S. § 3733(a).

### Accidents Involving Death or Personal Injury

We address Appellant's intended challenge to her last convictions for accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed.

The offense of accidents involving death or personal injury is defined as follows:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene

of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3742(a).

Our Motor Vehicle Code defines accidents involving death or personal injury while not properly licensed as follows:

A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person.

75 Pa.C.S. § 3742.1(a).

Here, the evidence established that after Officer Dougherty was thrown from the vehicle, Appellant drove away and failed to remain at the scene of the accident. *See* N.T., 1/28/20, at 80, 85-95. Officer Dougherty sustained injuries as a result of Appellant's conduct. *See* N.T., 1/28/20, at 124-26. Further, the record establishes that Appellant operated her vehicle with a suspended license. Accordingly, the evidence is sufficient to support Appellant's convictions for accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed. *See* 75 Pa.C.S. § 3742(a); *see also* 75 Pa.C.S. § 3742.1(a).

In viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with Counsel's assessment that there was sufficient evidence to support Appellant's convictions. *See*

*Palmer*, 192 A.3d at 89. Hence, Appellant's intended sufficiency of the evidence claim is frivolous.

**Discretionary Aspects of Sentencing**

Counsel next identifies a challenge to the discretionary aspects of sentencing. Specifically, Appellant claims that the trial court abused its discretion and imposed an unlawful sentence. *See Anders/Santiago* Brief at 16.

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered). An appellant challenging the discretionary aspects of her sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (citations omitted).

Furthermore, "[i]ssues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted); *see also* Pa.R.A.P. 302(a).

Here, Appellant did not raise any challenges to the discretionary aspects of her sentence. Nor did she file a post-sentence motion. Appellant therefore waived this claim on appeal. *See Tukhi*, 149 A.3d at 888; *see also* Pa.R.A.P. 302(a). Accordingly, we agree with Counsel that challenging the discretionary aspects of Appellant's sentence is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (observing that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

### Jury Instructions

In the remaining issues raised in the *Anders* brief, Counsel identifies two potential trial errors. Counsel first notes that the Commonwealth misstated the elements of aggravated assault twice during closing argument. *See Anders/Santiago* Brief at 19. However, the record shows that the trial court corrected these misstatements of law and explained the elements of aggravated assault to the jury. *See* N.T., 1/29/20, at 73-74, 89, 101-06. Therefore, this claim is frivolous.

### Trial Testimony

Counsel also notes that Officer Dougherty's testimony may have unfairly prejudiced Appellant at trial. *See Anders/Santiago* Brief at 20. Specifically, Counsel claims that Officer Dougherty referred to Appellant as a "sovereign citizen" and testified that he was familiar with the "sovereign citizen" ideologies. *See id*. Counsel asserts that it could be argued that Appellant was unfairly prejudiced by Officer Dougherty when he referred to Appellant as a "sovereign citizen." *See id*.

- 13 -

"The admission of evidence is committed to the sound discretion of the trial court and an appellate court may reverse only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. McFadden***, 156 A.3d 299, 309 (Pa. Super. 2017) (citation and quotation marks omitted). "The trial court will be reversed only if an error in the admission of evidence contributed to the verdict." ***Id.*** (citation omitted).

Unfair prejudice, in this context, requires that the prejudice had the effect of suggesting an improper basis for a conviction or inflaming the jury's passions such that it cannot render an impartial verdict. ***See Commonwealth v. Jemison***, 98 A.3d 1254, 1262 (Pa. 2014). "The admission of evidence becomes problematic only when its prejudicial effect creates a danger that will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." ***Commonwealth v. Sherwood***, 982 A.2d 483, 498 n.25 (Pa. 2009) (citation and quotation marks omitted).

Here, while Officer Dougherty referred to Appellant as a "sovereign citizen" in his testimony, there is no evidence to suggest that the reference was unfairly prejudicial to Appellant.[4] In fact, Appellant referred to her "tribal affiliations" as a sovereign citizen during trial. ***See*** N.T., 1/29/20, at 26. She also implied that it was not out of the ordinary for Officer Dougherty to refer

---

[4] Our review of the record shows that Appellant preserved this issue by objecting at trial to Officer Dougherty's use of the term "sovereign citizen." ***See*** N.T., 1/28/20, at 105.

to her as a sovereign citizen. **See id.** at 62. Therefore, we agree with Counsel that this claim is wholly frivolous.

## Conclusion

Based on our review of the record, we agree with Counsel that the issues discussed in the **Anders/Santiago** brief are frivolous. Furthermore, our independent review of the record does not reveal any additional, non-frivolous issues. **See Goodwin**, 928 A.2d at 291. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/21