J-S30009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK DELANO BELK | : | |
| | : | |
| Appellant | : | No. 1978 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 27, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001143-2021

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 31, 2023**

Appellant, Derek Delano Belk, appeals from the judgment of sentence of 5 to 10 years' incarceration, imposed after he pled guilty to possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1), and possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30). On appeal, Appellant wishes to challenge his sentence, arguing that the court erred in calculating his prior record score (PRS). Additionally, Appellant's counsel, Michael E. Brunnabend, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court briefly summarized the facts underlying Appellant's convictions, which we need not reproduce herein. **See** Trial Court Opinion (TCO), 11/1/22, at 2-3. Procedurally, Appellant pled guilty to the above-

stated offenses on April 4, 2022. The court ordered a presentence investigation report and, once it was completed, Appellant filed a "Motion to Correct Prior Record Score Calculation." Therein, he argued that his PRS "resulted from improper 'double counting' of a 2010 PWID conviction." TCO at 3. At the sentencing hearing on June 27, 2022, the court considered Appellant's motion and denied it. The court then sentenced Appellant to an aggregate term of 5 to 10 years' incarceration.

Appellant filed a timely notice of appeal, and complied with the court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, raising one issue therein: "The [trial c]ourt erred by denying [Appellant's] Motion to Correct [PRS] and used in the calculation of [Appellant's] sentencing ranges an incorrect and higher [PRS] than should have been applied to [Appellant's] charges. [Appellant] believes this brings into question the validity of the sentences imposed." Pa.R.A.P. 1925(b) Statement, 10/27/22, at 1 (unnumbered single page). The trial court filed its Rule 1925(a) opinion on November 1, 2022.

On March 21, 2023, Attorney Brunnabend filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the PRS issue preserved in Appellant's Rule 1925(b) statement and concluding that it is frivolous. Attorney Brunnabend also concludes that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin,*** 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders,*** counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago.*** The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago,*** 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan,*** 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Brunnabend's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Brunnabend states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

> In reviewing Appellant's sentencing claim, we note that:
>
> It is well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing. **See Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004) (holding miscalculation of prior record score "constitutes a challenge to the discretionary aspects of [a] sentence"). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **See Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010).
>
> Prior to reaching the merits of a discretionary sentencing issue,
>
>> [this Court conducts] a four[-]part analysis to determine: (1) whether [the a]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue

- 4 -

was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the a]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

***Commonwealth v. Shreffler***, 249 A.3d 575, 583-84 (Pa. Super. 2021).

Here, Appellant filed a timely appeal, and he preserved his issue at the sentencing hearing, as well as in his pre-sentence motion to correct his PRS. His appellate brief also contains the requisite 2119(f) concise statement. Furthermore, this Court has held that a claim that a trial court miscalculated the appellant's PRS raises a substantial question. ***Commonwealth v. Spenny***, 128 A.3d 234, 242 (Pa. Super. 2015). Therefore, we turn to the merits of Appellant's issue, mindful that,

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted).

In considering Appellant's challenge to the calculation of his PRS, we have reviewed the discussion set forth by Attorney Brunnabend in his ***Anders*** brief, the Commonwealth's brief, the certified record, and the applicable law. We have also assessed the well-reasoned opinion of the Honorable Douglas

- 5 -

G. Reichley of the Court of Common Pleas of Lehigh County. We conclude that Judge Reichley's sound explanation for why Appellant's PRS was correctly calculated demonstrates that he did not abuse his discretion in sentencing Appellant. *See* TCO at 4-6. Thus, we adopt Judge Reichley's decision as our own in concluding that Appellant's sentencing claim is frivolous. As we discern no other, non-frivolous issues that Appellant could raise on appeal, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2023

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA | |
| |
vs. | No. 1143 / 2021
| |
DEREK BELK, | |
Defendant | |

## ORDER

**AND NOW**, this **1st** day of November, 2022, upon consideration of the Defendant's Notice of Appeal, filed July 27, 2022,

**IT APPEARING** the accompanying Memorandum Opinion satisfies the requirements of Pa.R.A.P. 1925(a),

**IT IS ORDERED** the Clerk of Judicial Records shall transmit the record in the within matter to the Superior Court of Pennsylvania forthwith.

By the Court:

_____
Douglas G. Reichley, J.

FILED
2022 NOV -1 PM 12: 36
CLERK OF JUDICIAL RECORDS
LEHIGH COUNTY, PA

COMMONWEALTH OF PENNSYLVANIA    |

|

vs.    |     No. 1143 / 2021

|

DEREK BELK,    |

Defendant    |

## 1925(a) Opinion

Derek Belk, Appellant, is appealing from the judgment of sentence imposed on June 27, 2022 following Defendant's entry of a guilty plea. For the reasons set forth herein, Defendant's sentence was proper and should be affirmed.

## Factual Background

On December 5, 2020 at approximately 3:11 a.m., officers with the Allentown Police Department responded to the area of Front and Allen Streets, Allentown, Lehigh County, Pennsylvania for a gunshot complaint. Upon their arrival, the officers located approximately nine spent 9mm Luger FC shell casings in front of 602 North Front Street, and a tenth spent shell casing was located inside the building.

Surveillance footage showed an individual identified as Appellant firing a dark colored pistol out the front door of the building. Appellant then walked inside the building to his apartment, Apartment 12, holding the pistol.

Officers made contact with Appellant inside Apartment 12. Appellant provided both verbal and written consent to search his apartment. The search yielded two digital scales, a golf ball-sized white rock substance, a gumball-sized white rock substance, two knotted plastic baggies, and various other paraphernalia. Officers also located a bag on a metal awning outside

2

an open window containing three knotted clear bags with a white crystal-like substance. The substances tested positive for cocaine and methamphetamine, respectively.

Appellant admitted to firing his weapon that evening. He indicated he was out partying and was not firing it at anyone in particular. Appellant also acknowledged that he was a person not to possess a firearm.

## Procedural History

Appellant was charged with two counts of Possession with Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30), both ungraded felonies; Firearms Not to be Carried without a License, 18 Pa.C.S.A. § 6106(a)(1), a Felony of the Third Degree, Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32), an ungraded misdemeanor, and Possession of a Firearm Prohibited, 18 Pa.C.S.A. § 6105(a)(1), a Felony of the First Degree.

On April 4, 2022, Appellant pled guilty to Possession of a Firearm Prohibited and one count of Possession with Intent to Deliver (cocaine). The plea agreement called a cap on the minimum sentence at the bottom of the standard range. The Court ordered a Presentence Investigation Report (PSI), which was completed on or about May 16, 2022. In relevant part, the PSI indicated Appellant's prior record score was a five.

On June 23, 2022, Appellant filed a Motion to Correct Prior Record Score Calculation. Appellant asserted the total score resulted from improper "double counting" of a 2010 Possession with Intent to Deliver a Controlled Substance conviction. At the sentencing hearing on June 27, 2022, the Court conducted a hearing on Appellant's motion and denied it. Appellant was sentenced to an aggregate total of not less than 5 nor more than ten years in a State Correctional Institution.

3

On July 27, 2022, Appellant's counsel filed a Notice of Appeal. Counsel simultaneously filed a Motion to Withdraw as Counsel based on Appellant's lack of means to continue to retain private counsel. The Court held a hearing on August 18, 2022 on the Motion to Withdraw and granted that motion at the close of the hearing. The Court extended the period of time to file a Concise Statement and appointed the Public Defender's Office.

On September 23, 2022, counsel filed a Petition to Extend Time to File 1925(b) Statement *nunc pro tunc*, which the Court granted on September 28, 2022. Counsel timely filed a 1925(b) Statement on October 27, 2022.

This Opinion follows.

## Discussion

Appellant's sole issue on appeal asserts the Court erred by denying his Motion to Correct Prior Record Score, which led to Appellant receiving a longer sentence than he would have received had his prior record score been lower.

Where a criminal defendant is convicted of a felony and/or a misdemeanor, trial courts are obligated to consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. 42 Pa.C.S.A. § 9721(b); 204 Pa.Code 303.1(a). The law with respect to prior record score calculation was set forth by the Superior Court as follows:

> To determine the guideline sentence for each conviction, the trial court must establish the offense gravity score and, of relevance to this appeal, the defendant's prior record score. 204 Pa.Code § 303.2(a).

> The prior record score is based on the number and type of prior convictions the defendant has on his or her criminal record. 204 Pa.Code § 303.4(a). Each prior conviction is given a point value ranging between one and four points. *See generally* 204 Pa.Code §§ 303.7, 303.15. Sections 303.7 and 303.15 set forth the point value for every Pennsylvania criminal offense, but generally speaking (with some exceptions not relevant here), first-degree felony ("F1") convictions are either three- or four-point offenses, F2 convictions are two-point offenses and F3 convictions are one-point offenses. *See id.*

4

A higher prior record score yields a higher guideline sentence, up to a maximum of five points. 204 Pa.Code §§ 303.4(a)(3), 303.16(a). A defendant who has prior convictions of F1s and F2s that total six or more points is separately classified as a RFEL, which further increases the guideline sentence. 204 Pa.Code §§ 303.4(a)(2), 303.16(a); *see also Commonwealth v. Johnson,* 125 A.3d 822, 825 (Pa.Super.2015).

If a defendant was sentenced for a single conviction at a prior judicial proceeding, that conviction is counted in the calculation of a defendant's prior record score. 204 Pa.Code § 303.5(a). If a defendant was sentenced for multiple convictions at a single sentencing proceeding, the most serious offense is included in the prior record score calculation, as is any other offense for which the defendant received consecutive sentences. 204 Pa.Code § 303.5(b). Prior convictions for which the trial court ordered the sentences to run concurrently with the most serious offense at a single judicial sentencing proceeding are not included in the calculation of the prior record score. *Commonwealth v. Janda,* 14 A.3d 147, 165 (Pa. Super. 2011).

*Commonwealth v. Spenny,* 128 A.3d 234, 242 (Pa. Super. 2015).

In this case, Appellant does not challenge the majority of his prior record. However, he asserts a December 22, 2010 Lehigh County conviction for Possession with Intent to Deliver was "double counted."

Double counting is addressed in Section 303.8(g)(3) of the Pennsylvania Administrative Code. This section provides that "[a]ny prior conviction which contributed to an increase in the grade of a subsequent conviction, except for prior Driving Under the Influence of Alcohol or Controlled Substance convictions[, shall not be scored in the Prior Record Score.]" 204 Pa. Code § 303.8(g)(3).

Appellant argues that his 2010 Possession with Intent to Deliver offense is the one which renders him ineligible to possess a firearm. Because that constitutes an element of the offense of Persons Not to Possess a Firearm, he asserts the two Prior Record Score points derived from that conviction should be excluded from the calculation. Appellant relies on *Commonwealth v. Jemison,* 98 A.3d 1254 (Pa. 2014) in support of that position.

The Pennsylvania Superior Court has rejected this interpretation on more than one occasion. In *Commonwealth v. McSorley*, 2019 WL 3306744 (Pa. Super. July 23, 2019) (unpublished memorandum), the appellant relied on Jemison for the same principle. The Superior Court disagreed, explaining that the appellant's "reliance on *Jemison* is misguided because *Jemison* did not address sentencing." *McSorley*, 2019 WL 3306744, at *2.

The Superior Court recently addressed the same issue in *Commonwealth v. Fretz*, 2022 WL 2112887 (Pa. Super. June 13, 2022), and found *McSorley* persuasive on the same basis. It explained, "Appellant's prior conviction for possession of a controlled substance with intent to deliver, like McSorley's prior conviction for escape, did not change the grade of his firearms offense. The conviction only provided a factual predicate for the application of the offense . . . ." *Fretz*, 2022 WL 2112887 at *12.

This rationale applies in the case at bar. Appellant's reliance on *Jemison* is misplaced because *Jemison* did not address sentencing. More significantly, the PWI prior offense did not change the grade. The existence of disqualifying offense is an element of Persons not to Possess a Firearm. It does not impact the grading of the offense. There was not any basis to find that the Lehigh County Adult Probation Department improperly double-counted or otherwise inaccurately calculated Appellant's prior record score.

## Conclusion

Because Appellant's prior record score was accurately calculated as a five in this case, the sentence he received is lawful and consistent with his plea agreement and the Court respectfully recommends that said sentence be **AFFIRMED**.

By the Court:

Douglas G. Reichley, J.

11/1/2022
Email - DA, PD