J-S25014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH N. JONES, JR. | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2022 |

Appeal from the PCRA Order Entered July 19, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002225-2016

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 20, 2023**

Appellant Kenneth N. Jones, Jr. appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant claims that both trial counsel and prior PCRA counsel were ineffective.  We affirm.

We adopt the PCRA court's summary of the facts and history underlying this case.  **See** PCRA Ct. Op., 12/13/22, at 1-5.  Briefly, Appellant was arrested and charged with robbery, unlawful possession of a firearm, and related offenses following a string of gun-point robberies involving three separate victims.  At trial, the Commonwealth presented several witnesses, including each of the three robbery victims.  Near the close of the Commonwealth's case-in-chief, trial counsel consulted with Appellant and ultimately agreed to

---

[1] 42 Pa.C.S. §§ 9541-9546.

stipulate that Appellant had a prior conviction which made it illegal for him to possess a firearm under 18 Pa.C.S. § 6105. *See* N.T. Trial, 3/8/17, at 7-8.

Ultimately, after the jury found Appellant guilty of all charges, the trial court sentenced Appellant to an aggregate term of nineteen and a half to thirty-nine years' incarceration. On appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied further review. *See Commonwealth v. Jones*, 3541 EDA 2017, 2019 WL 1514082 (Pa. Super. filed April 8, 2019) (unpublished mem.), *appeal denied*, 268 MAL 2019 (Pa. filed Sept. 4, 2019).

Appellant filed a timely *pro se* PCRA petition on October 25, 2020. The PCRA court appointed counsel (prior PCRA counsel), who filed an amended petition on Appellant's behalf. The PCRA court conducted bifurcated evidentiary hearings and heard testimony from Appellant, trial counsel, and direct appeal counsel. Ultimately, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court subsequently appointed new counsel,[2] who filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

---

[2] The record reflects that the PCRA appointed new counsel after Appellant indicated that he intended to raise prior PCRA counsel's ineffectiveness on appeal. *See* PCRA Ct. Order, 9/29/22.

1. Whether trial counsel rendered ineffective assistance of counsel in failing to adequately advise Appellant about his decision to stipulate to the admission of evidence that Appellant had a prior drug conviction rendering Appellant ineligible to possess a firearm, when counsel's advice to Appellant was based on counsel's misapprehension of the law at the time?

2. Whether trial counsel rendered ineffective assistance by failing to object to the uncertain and speculative trial testimony of the robbery victim that Appellant "could have been" the person that committed the robbery based on Appellant's skin color?

3. Whether remand is warranted on Appellant's claim that PCRA counsel rendered ineffective assistance for not raising a claim that trial counsel was ineffective for failing to call an expert witness regarding eyewitness identification?

Appellant's Brief at 4.

**Stipulation**

In his first claim, Appellant argues that trial counsel was ineffective for "improperly [] advising Appellant on his decision to proceed by way of stipulation versus a bifurcated trial with regard to the charge of persons not to possess." *Id.* at 14. In support, Appellant contends that trial counsel's advice had no reasonable basis, as his "articulated reason for advising [Appellant] to stipulate demonstrates trial counsel's misapprehension on the then-existing caselaw regarding bifurcation." *Id.* at 16. Specifically, Appellant refers to "trial counsel's assertion that there was no guarantee [that] bifurcation would be granted as a basis for stipulating to the admission of the prior conviction[,]" and his statement that "even if bifurcation was granted, the Commonwealth could elect the order in which to present their case which would present a disadvantage." *Id.* at 16-17 (citing N.T. PCRA Hr'g,

11/18/21, at 29). Appellant asserts that he "was prejudiced by counsel's failure to adequately and accurately advise him with regard to the decision to stipulate to the prior conviction instead of bifurcating the firearms charge" because "jurors were aware, at the time they were deliberating [Appellant's] guilt of the robberies, that [Appellant] was previously convicted of a drug offense serious enough to warrant a term of imprisonment exceeding two (2) years." *Id.* at 21. Therefore, Appellant concludes that he is entitled to a new trial. *Id.* at 22.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007) (citations omitted).

The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citations omitted). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Our Supreme Court has explained that a defendant does not suffer unfair prejudice "merely by the admission into evidence of his or her certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of [Section] 6105." ***Commonwealth v. Jemison***, 98 A.3d 1254, 1262 (Pa. 2014). Further, "[a]ny possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury, directing them to consider the defendant's prior offense only as evidence to establish the prior conviction element of the [Section] 6105 charge, not as evidence of the defendant's bad character or propensity to commit crime." ***Id.*** Additionally, "the law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1184 (Pa. 2011) (citation omitted).

Here, in rejecting Appellant's ineffectiveness claim, the PCRA court explained:

> After the stipulation had been read to the jury, this court gave the following cautionary instruction:
>
> > Ladies and gentlemen, again that's a stipulation. That's an agreement by counsel that those certain facts are true.
> >
> > Now, I caution you, that they are merely one of the charges that you hear as you are going to be charged with the law, meaning that you have many things to find before that stipulation might be relevant, meaning, you know, a number of things regarding possession.
> >
> > It is simply the charge of whether certain people who might have a prior conviction aren't allowed to possess, but you have to determine possession. You will have to determine whether the Commonwealth met its burden beyond a reasonable doubt.
> >
> > So, just because you heard that stipulation, it doesn't mean that if the defendant had a prior conviction for that, that it's in his character to have committed these crimes. That's very important. You can't use it for that purpose.
> >
> > You can only use it for the singular purpose of saying does he have what we call a predicate offense that the law says that person can't possess a firearm. And that is the only purpose when you're deliberating you can use it because you don't have the law on that charge yet. But that is a fact that you can now take as a fact.

PCRA Ct. Op. at 10 (citing N.T. Trial, 3/8/17, 210-11).

Following our review of the record, we find no error in the PCRA court's conclusion that trial counsel was not ineffective for entering a stipulation at trial. *See Lawson*, 90 A.3d at 4. As noted previously, the trial court issued a cautionary instruction directing the jury to consider Appellant's prior conviction solely as evidence to prove the prior conviction element of Section

6105. **See Jemison**, 98 A.3d at 1262 (stating that "[a]ny possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury"). Further, the law presumes that that the jury will follow the trial court's instructions. **See Chmiel**, 30 A.3d at 1184. Therefore, because Appellant has failed to establish that he suffered prejudice due to trial counsel's actions, Appellant is not entitled to relief. **See Daniels**, 963 A.2d at 419.

### Failing to Object to Identification Testimony

Appellant argues that trial counsel was ineffective for "failing to object to Benigno Ojeda-Luna's in-court identification of Appellant at trial." Appellant's Brief at 23. Specifically, Appellant argues that trial counsel should have objected based on "[t]he tentative nature of Ojeda-Luna's in[-]trial identification testimony, the basis ([Appellant's] skin color) for his speculation that [Appellant] 'could have' been the robber, and his admission that he could not identify anyone from the photo array because they all had dark skin[.]" **Id.** at 28. Appellant also asserts that trial counsel had no reasonable basis for failing to object to this testimony and that trial counsel "could not provide a reason" for employing that strategy during the PCRA hearing. **Id.** at 29. With respect to prejudice, Appellant argues that "other than a confession by a defendant, Appellant can think of no evidence more prejudicial than the testimony of a robbery victim identifying the defendant as the robber" and that "because trial counsel failed to object to the in-court identification,

[Appellant] lost his ability to challenge that in-court identification on direct appeal." *Id.* at 29-30.

As noted previously, a failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *See Daniels*, 963 A.2d at 419. Here, although Appellant argues that Ojeda-Luna's testimony was prejudicial, he does not explain how trial counsel's failure to object to that testimony affected the outcome of trial. *See Turetsky*, 925 A.2d at 880 (reiterating that prejudice requires proof that "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different"). Therefore, because Appellant has failed to plead or prove the prejudice prong, his ineffectiveness claim fails. *See Daniels*, 963 A.2d at 419.

In any event, the record reflects that trial counsel testified regarding his trial strategy at the PCRA hearing. *See* N.T. PCRA Hr'g, 11/18/21, at 17, 30-32. In its Rule 1925(a) opinion, the trial court explained:

> Trial counsel testified credibly that
>
>> [t]he trial strategy was essentially based on the premise that there was strong evidence linking [Appellant] to use of the first robbery victim's credit or debit card at Wawa, video evidence of that fact. And so essentially the strategy was to argue that although he may have been using the card, he was not the person who perpetrated the series of robberies . . ."
>
> N.T. PCRA Hr'g, 11/18/21, at 17, 30. In furtherance of that strategy, trial counsel explained that he had the benefit of hearing Ojeda-Luna's identification testimony during pre-trial proceedings

and was well-prepared to cross examine him on his ability to identify [Appellant]. *Id.*

Trial counsel then used Ojeda-Luna's "qualified" in-court identification to argue to the jury that it should not credit his testimony. *Id.* at 31-32. [Appellant], conversely, did not demonstrate that trial counsel lacked a reasonable basis for the strategy he employed to challenge Ojeda-Luna's identification testimony. [Appellant], further, did not demonstrate prejudice from trial counsel's chosen strategy because that strategy permitted trial counsel to highlight the alleged inadequacy of Ojeda-Luna's identifications and argue same to the jury. Thus, he is not entitled to post-conviction relief on this claim.

PCRA Ct. Op. at 11-12.

Following our review of the record, we find no error in the PCRA court's conclusion. *See Lawson*, 90 A.3d at 4. Although Appellant claims that trial counsel should have objected to Ojeda-Luna's in-court identification at trial, Appellant has failed to demonstrate that this alternative strategy "offered a potential for success substantially greater than the course actually pursued." *See Chmiel*, 30 A.3d at 1127-28; *see also Commonwealth v. Ivy*, 685 WDA 2021, 2022 WL 1639535 at *9 (Pa. Super. filed May 24, 2022) (unpublished mem.) (explaining that "merely because an alternative strategy exists does not mean counsel's strategy was unreasonable").[3] Accordingly, Appellant is not entitled to relief.

**Failure to Call Witness**

In his remaining issue, Appellant argues that prior PCRA counsel was ineffective for failing to raise an ineffectiveness claim against trial counsel.

---

[3] We may cite to non-precedential memorandum decisions filed by this Court after May 1, 2019 for their persuasive value. *See* Pa.R.A.P. 126(b).

Appellant's Brief at 30. Specifically, Appellant contends that prior PCRA counsel should have alleged that trial counsel was ineffective for his failure "to secure an expert witness at trial to testify regarding the unreliability of eyewitness identification." *Id.* In support, Appellant contends that trial counsel had a duty to know that he could have presented an eyewitness identification expert in this case and also asserts that a witness was available, and that the witness would have provided testimony that was beneficial to trial counsel's strategy concerning misidentification. *Id.* at 32-34. Appellant asserts that because the expert testimony was critical to trial counsel's stated strategy of misidentification," trial counsel had no reasonable basis for declining to present such a witness. *Id.* at 34.

Initially, it is well settled that "counsel cannot raise his or her own ineffectiveness[.]" *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (citation omitted). In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court adopted a new rule allowing PCRA petitioners to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Bradley*, 261 A.3d at 401; *see also Commonwealth v. Crumbley*, 270 A.3d 1171, 1181 (Pa. Super. 2022) (explaining that pursuant to *Bradley*, this Court could address the merits of the defendant's claims of PCRA counsel's ineffectiveness because the defendant "raised his claims of ineffective PCRA counsel at the first practical opportunity, albeit on appeal from the denial of his PCRA petition"), *appeal denied*, 284 A.3d 884 (Pa. 2022). In reaching that

conclusion, the **Bradley** Court emphasized the need to preserve a petitioner's right to effective PCRA counsel. **Bradley**, 261 A.3d at 405.

The **Bradley** Court also reaffirmed our Supreme Court's preference for evidentiary hearings in PCRA matters, and explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

**Id.** at 402 (citations and footnote omitted and formatting altered); **see also Commonwealth v. Colavita**, 993 A.2d 874, 895 (Pa. 2010) (stating that, as "a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion" and noting the Supreme Court's "strong preference that counsel be heard from before being found ineffective"), *abrogated on other grounds by* **Bradley**, 261 A.3d at 401.

The "failure to call an expert witness is not *per se* ineffective assistance of counsel as such decision generally involves a matter of trial strategy." **Commonwealth v. Smith**, 167 A.3d 782, 793 (Pa. Super. 2017) (citation omitted and formatting altered). "To prove **arguable merit** based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to

know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." ***Commonwealth v. Robinson***, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted, emphasis added). "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Id.*** (citation and internal quotation marks omitted).

Additionally, a PCRA petitioner must demonstrate that "trial counsel had no reasonable basis for his or her chosen trial strategy" as the "alternative strategy offered a potential for success substantially greater than the course actually pursued." ***Id.*** at 345. Finally, with respect to prejudice, the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.***

Here, we conclude that Appellant has failed to properly develop his layered ineffectiveness claim. ***See Chmiel***, 30 A.3d at 1128. Although Appellant discusses arguable merit and reasonable basis in his brief, he does not argue prejudice. ***See Robinson***, 278 A.3d at 345 (reiterating that to establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). For these reasons, Appellant is not entitled to relief. ***See Chmiel***, 30 A.3d at 1128. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023